paid. 12

ANDREW C. BAILEY
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-Represented Litigant*

FILED
2009 DEC 23 PM 1:18
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW C. BAILEY<br>Plaintiff<br>vs<br>WELLS FARGO BANK NA a/k/a WELLS FARGO HOME MORTGAGE ET AL (WELLS FARGO)<br><br>FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY<br><br>FIDELITY NATIONAL TITLE INS CO<br><br>US BANK NA AS TRUSTEE FOR WFMBS 2006-AR2 (US BANK)<br><br>WFMBS 2006-AR2<br><br>LEHMAN BROTHERS INC<br><br>JOHN DOES "3001-4000"<br>Defendants | Chapter 11<br><br>Case #: 2:09-bk-06979-PHX-RTBP<br><br>2:09-ap-1727<br><br>**COMPLAINT FOR DISCOVERY, EVIDENTIARY HEARING, ENFORCEMENT OF QUALIFIED WRITTEN REQUEST AND TEMPORARY RESTRAINING ORDER** |

Plaintiff sues Defendants to compel discovery, to answer the Qualified Written Request (QWR) and Debt Validation Letter (DVL) pursuant to the Real Estate Settlement Procedures Act (RESPA), and to stay any foreclosure or other action before and until the resolution of this complaint, and states:

– 1 –

12/24/2009

## I. Jurisdiction, Venue and Statutory Predicate

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The primary statutory predicate for the relief requested herein is Federal Rule of Bankruptcy Procedure 7001(2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), and Federal Rule of Bankruptcy Procedure 7001(9) to obtain a declaratory judgment relating to the foregoing. Other Rules may apply.

## II. Parties Known and Unknown

3. There appear to be multiple known and unknown stakeholders with potential claims relating to the subject Property and mortgage "loan". Plaintiff seeks discovery as to exactly who these stakeholders and other parties are, what their respective rights are under the law, and how much, if anything, he owes them.

4. Plaintiff is a resident of the State of California living in and otherwise using and occupying his home located at 153 Western Avenue, Glendale, CA 91201. (hereafter the "Property")

5. Defendant WELLS FARGO is and was, at all times material hereto, a corporation doing business in the State of California. Defendant WELLS FARGO is and was, at all times

material hereto, the alleged "originator" and "servicer" of the subject "loan".

6. Defendant LEHMAN BROTHERS INC is and was, at all times material hereto, a corporation or a bankrupt corporation doing business in the State of California. The current status and standing of Defendant LEHMAN BROTHERS INC in the instant case is unknown to Plaintiff.

7. Defendant US BANK NA is and was, at all times material hereto, a corporation or other entity doing business in the State of California and functioning as alleged trustee for another corporation or entity identified as WFMBS 2006-AR2. The current status and standing of Defendant US BANK NA in the instant case is unknown to Plaintiff.

8. Defendant FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC is and was, at all times material hereto, a Texas entity doing business in the State of California. The current status and standing of Defendant FIRST AMERICAN LOANSTAR TRUSTEE SERVICES in the instant case is unknown to Plaintiff.

9. Defendant FIRST AMERICAN TITLE INSURANCE COMPANY is and was, at all times material hereto, a Texas entity doing business in the State of California. The current status and standing of Defendant FIRST AMERICAN TITLE INSURANCE COMPANY in the instant case is unknown to Plaintiff.

10. Defendant FIDELITY NATIONAL TITLE INS CO is and was, at all times material hereto, a corporation or other entity doing business in the State of California. The current status and standing of Defendant FIDELITY NATIONAL TITLE INS CO in the instant

12/24/2009

case is unknown to Plaintiff.

11. Defendant WFMBS 2006-AR2 is and was, at all times material hereto, an unknown corporation or other entity doing business in the State of California and acting as or selling a mortgage-backed investment vehicle or vehicles. The current status and standing of Defendant WFMBS 2006-AR2 in the instant case is unknown to Plaintiff.

12. Defendants JOHN DOES "3001-4000" are undisclosed, unnamed and unknown investors, participants, corporate or other entities, conduits, trustees, servicers, custodians and others in a commonly-applied mortgage securitization scheme that may or may not have included the subject loan and who may or may not be investors or certificateholders in WFMBS 2006-AR2, an entity acting as or selling a mortgage-backed investment vehicle or vehicles which may or may not be secured in whole or in part by the subject "loan".

### III. Background Material Facts and Grounds for Complaint

Plaintiff reaffirms and realleges paragraphs 1 through 12 hereinabove as if set forth more fully hereinbelow.

13. On April 8th, 2009 three of Plaintiff's unsecured creditors filed an involuntary petition against the Plaintiff for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

14. On May 28th, 2009 (the "Petition Date"), this Court entered an order granting

Plaintiff's motion to convert to Chapter11 thereby commencing the above-captioned case.

15. Plaintiff is operating his businesses and managing his properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

16. Plaintiff has subsequently filed and revised all schedules and other necessary documents, and has satisfied all of the requirements of the Bankruptcy Court and the US Trustee in the case to date.

17. The United States Trustee's office conducted the initial creditors' meeting pursuant to 11 U.S.C. § 341 on September 4, 2009.

18. Plaintiff has initiated forensic reviews of his alleged mortgage-related obligations with the goal of determining who his creditors are, and how much is owed to them.

19. Plaintiff has served, pursuant to the Real Estate Settlement Procedures Act, a Qualified Written Request and Debt Validation Letter on the Defendants through their attorneys of record, where known, in a diligent attempt to clarify the above issues. No timely response or only a partial and insufficient response to the subject request has been received as of the date of the Complaint. A Certificate of Non-Response and a Certificate of Dishonor are being filed with the appropriate authorities.

20. On or about January 27, 2009 a notice alleging default on the subject "loan" was filed by WELLS FARGO c/o FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC.

21. On the identical date, on about January 27, 2009, Defendant WELLS FARGO through its agent FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC "transferred and assigned all beneficial interest" in the Note and mortgage to Defendant US BANK AS TRUSTEE FOR WFMBS 2006-AR2.

22. Notwithstanding the above assignment and transfer, on or about July 9, 2009, Defendant WELLS FARGO instituted a proceeding to foreclose on the previously assigned and transferred mortgage as to the Property.

23. Plaintiff timely objected to and opposed Defendant WELLS FARGO's motion for relief from the automatic stay on the grounds that Defendant WELLS FARGO is demonstrably not the current beneficiary and lacks standing to bring an action of foreclosure. The court disagreed based on counsel's representation to the contrary, and ordered the stay lifted on October 2nd, 2009. Plaintiff believes that order to be premature.

24. Defendant WELLS FARGO has apparently taken the (unverified) position, through representations of counsel, that either Defendant US BANK previously assigned the mortgage assigned to Defendant US BANK as to the Property back to Defendant WELLS FARGO, or that a photocopy of an unassigned and unendorsed 2007 note is sufficient foundation for Defendant WELLS FARGO's 2009 foreclosure action.

25. No such assignment or endorsed and enforceable Note has been produced to the Plaintiff or the court, and Defendant WELLS FARGO has failed to prove that it is the holder of all rights under the Note, which would permit the legal holder thereof to declare a default which would trigger a foreclosure.

12/24/2009

26. Further, Defendant WELLS FARGO as alleged "trustee-in-fact" or "attorney-in-fact" for unnamed 'Certificateholders' of a series of mortgage-backed securities, has failed to demonstrate that it, and not the Certificateholders, is the party with the true ownership interest in the mortgage the subject of this action, or that the Certificateholders have acceded or legally assigned their rights to and under the subject mortgage to Defendant WELLS FARGO, specifically the right to seek a foreclosure.

27. As such, Defendant WELLS FARGO has not demonstrated that it has suffered an actual or threatened injury as a consequence of any default, which distinct and palpable injury is legally required under applicable Federal and State law in order for Defendant WELLS FARGO to satisfy the legal prerequisite to prove that it has a sufficient personal stake in and legal standing to institute the foreclosure on the Property.

28. As a severance of the ownership and possession of the original Note and Mortgage has apparently occurred and as the true owner and holder of both the original Note and Mortgage are unknown as a result of one or more alleged assignments and the parsed sale of certain rights under the Note in part to at least two third parties (Defendant LEHMAN BROTHERS and Defendant US BANK), Defendant WELLS FARGO is legally precluded from foreclosing on the Property unless and until it can demonstrate full legal standing to do so.

29. As set forth above, Defendant WELLS FARGO is only the alleged "servicer" of the Note, and as such cannot institute or maintain a foreclosure proceeding.

12/24/2009

30. As set forth above, if discovery shows another entity or person to be the current beneficiary under the Note, Defendant WELLS FARGO cannot institute or maintain a foreclosure proceeding.

31. This Complaint is being timely filed in accordance with applicable law to challenge the foreclosure prior to the scheduled January 20, 2010 Trustee Sale or the issuance of any Certificate of Title following sale.

**IV. RELIEF SOUGHT**

Plaintiff reaffirms and realleges paragraphs 1 through 31 hereinabove as if set forth more fully hereinbelow.

32. Plaintiff requests a hearing on the merits, based on the rules of evidence and founded on common discovery and enforcement in obtaining relevant information about his loan.

33. Plaintiff seeks discovery as to exactly who are the multiple stakeholders and other parties with potential claims relating to the subject Property and mortgage "loan", what their respective rights are under the law, and how much, if anything, he owes them.

34. Plaintiff requests discovery pursuant to Bankruptcy Rules 7026 through 7037 and FRCP 26 through 37 including but not limited to enforcement of the RESPA QWR and DVL to test the merits of Defendant WELLS FARGO's allegation that they have the right to enforce the note.

12/24/2009

35. Plaintiff seeks a complete accounting from those individuals, entities or parties involved in the origination, servicing, and securitization of his loan, so that he can discover what undisclosed fees were paid under TILA and RESPA, and the true identities of the individuals and entities involved in Plaintiff's table-funded "loan".

36. Plaintiff seeks the disclosure of the identity(ies) of the true lender(s) who actually funded the subject loan, and the production of documents and names, addresses and phone numbers of people who can testify under oath at the evidentiary hearing.

37. Plaintiff requests the opportunity to admit evidence, including but not limited to the results of a forensic analysis of the subject loan and documents on record at the Los Angeles County Recorder's office.

38. Plaintiff requests the opportunity to present expert witness Neil F. Garfield, MBA, JD, a pre-eminent authority on these matters, or other expert witness, at the evidentiary hearing or hearings.

39. Plaintiff requests that the Court give serious consideration to Dr. Garfield's expert opinions and testimony as they may apply to Plaintiff's situation and to the situation of millions of other homeowners facing foreclosure.

40. Plaintiff requests a declaratory judgment relating to the foregoing,

41. Finally, Plaintiff requests that the court impose a temporary restraining order enjoining Defendants from taking any further foreclosure, sale or other judicial or non-judicial action

-9-

before the resolution of the foregoing, thereby maintaining the status quo at least until discovery has been conducted.

WHEREFORE, Plaintiff respectfully requests that the Court order and grant (a) an evidentiary hearing on the merits, and (b) discovery and enforcement in obtaining all relevant information, and (c) enforcement of the disclosure requirements of the Real Estate Settlement Procedures Act, and (d) the production of documents, and (f) the opportunity to bring an expert witness or witnesses before the court, and (g) a declaratory judgment relating to the foregoing, and (f) a temporary restraining order as set forth above, and (e) such other and further relief as may be just and proper.

Dated December 22, 2009

_____
Andrew C. Bailey, Plaintiff

- 10 -

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 09-1727 |
|---|---|

| PLAINTIFFS<br><br>Andrew C. Bailey | DEFENDANTS<br><br>Wells Fargo Bank, US Bank NA, Lehman Brothers, WFMBS 2006-AR2 John Does "3001-4000" et al |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>NONE / PRO SE | ATTORNEYS (If Known)<br><br>Tiffany & Bosco, 2525 East Camelback Ave, Phoenix AZ 85016 |
| PARTY (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Discovery, evidentiary hearing, enforcement of RESPA, temporary restraining order, FRBP 7001(2)&(9), 7026-7037, FRCP 26-37, 12 USC 2605(e), 15 USC 1601,

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) - Recovery of Money/Property | FRBP 7001(6) - Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| [1.] 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | ☐ 71-Injunctive relief - reinstatement of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | [2.] 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other**<br>☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq. |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny **(continued next column)** | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
1. Enforcement of RESPA and TILA.
2. Temporary Restraining Order

12/24/2009

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR Andrew C. Bailey ||| BANKRUPTCY CASE NO. 2:09-bk-26979-PHX RTBP |
| DISTRICT IN WHICH CASE IS PENDING Arizona || DIVISIONAL OFFICE PHX | NAME OF JUDGE Baum |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE || NAME OF JUDGE Baum |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) Andrew C. Bailey ||||
| DATE 12/22/2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Andrew C. Bailey |||

Print Form

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.