WRIGHT, FINLAY & ZAK, LLP
Shahryar Bahmani Esq., Arizona SBN 025939
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660 *(Bailey/Pleadings/MTD)*
Tel: (949) 477-5050; Fax: (949) 477-9200
sbahmani@wrightlegal.net

Attorneys for Defendant, First American Loanstar Trustee Services

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW C. BAILEY | ) Case No.: 2:09-bk-06979-RTBP )<br>) Adversary No.: 2:09-ap-01727-RTBP |
| Plaintiffs, | ) |
| vs. | ) **DEFENDANT FIRST AMERICAN** |
| | ) **LOANSTAR TRUSTEE SERVICES'** |
| WELLS FARGO BANK NA a/k/a WELLS FARGO HOME MORTGAGE ET AL; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC; FIRST AMERICAN TITLE USURANCE COMPANY; FIDELITY NATIONAL TITLE INSURANCE COMPANY; US BANK NA AS TRUSTEE FOR WFMBS 2006-AR2; WFMBS 2006-AR2; LEHMAN BROTHERS INC.; Doe Defendants "3001-4000". | ) **MOTION TO DISMISS PURSUANT TO**<br>) **FRCP 12(B)(6)**<br>)<br>)<br>)<br>)<br>) Complaint filed: 12/23/2009<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Defendant FIRST AMERICAN LOAN STAR TRUSTEE SERVICES ("Loanstar") hereby moves this Court for an Order dismissing the Complaint of Plaintiff Andrew C. Bailey ("Plaintiff") pursuant to FRCP Rule 12(b)(6), for the failure to state a claim upon which relief can be granted. This motion is made on the grounds that Plaintiff has failed to plead the essential facts which gives rise to his claim and/or the claims are barred on their face, as confirmed by matters which may properly be judicially noticed by this Court.

This Motion will be based upon this Notice, the attached memorandum of points and authorities, the complete files and records in this action, the oral argument of counsel and upon such other and further evidence as this Court might deem proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: February __, 2010                    By: _____
Shahryar Bahmani, Esq.
Attorneys for Defendant,
FIRST AMERICAN LOANSTAR
TRUSTEE SERVICES

2
DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This case arises out of the default by Andrew C. Bailey ("Plaintiff") under a Note and Deed of Trust. After Plaintiff was unable to cure the default, a non-judicial foreclosure was initiated against the property located at located at 153 Western Avenue, Glendale, CA 91201 (the "Property"). Plaintiff now brings this action against Defendants in a last-ditch attempt to frustrate and further delay the foreclosure sale of the Property.

Plaintiff wrongly groups Defendant First American Loanstar Trustee Services ("Loanstar") with the other Defendants named in this action. Pursuant to A.R.S. 33-807(E) a foreclosure trustee is entitled to immediate dismissal from any action not involving a breach of its duties as trustee. Accordingly, Loanstar must be dismissed from this action.

Additionally, Plaintiff's Amended Complaint ("Complaint") provides no facts upon which relief may be granted. Plaintiff cannot state a claim for relief pursuant to TILA and RESPA as his Complaint is untimely and claims would be time-barred. The prevailing theme throughout Plaintiff's Complaint centers on Defendants' alleged inability to produce the note and Wells Fargo allegedly lacking standing to initiate the foreclosure process based on its assignment of the Deed of Trust to US Bank. However, Plaintiff's Complaint fails as neither Arizona nor California law requires Defendants to produce the original Note as a prerequisite to carrying out a non-judicial foreclosure sale. Additionally, the chain of title to the Property reflects that a valid assignment of Deed of Trust was made by and between Wells Fargo and U.S. Bank *after* Wells Fargo had commenced the foreclosure process.

In light of the foregoing, Defendant Loanstar respectfully requests that it be immediately dismissed from this action.

## II.

## STATEMENT OF FACTS

On or about December 2, 2005 Plaintiff Andrew C. Bailey ("Plaintiff") executed a promissory note (the "Loan") in the principal amount of $480,000 to purchase the subject

Property.[1] The Loan was secured by the Property through a recorded deed of trust ("Deed of Trust"), whereby Plaintiff and Constance Baxter Marlow were named borrowers as tenants in common, Wells Fargo Bank, N.A. ("Wells Fargo") was Lender and Beneficiary, and Fidelity National Title Ins. Co. was Trustee.[2]

By December 18, 2008, Plaintiff had defaulted on the Loan in the amount of $22,373.42 and on December 22, 2008, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") was recorded.[3] Thereafter, on January 23, 2009, a Substitution of Trustee was recorded substituting First American LoanStar Trustee Services ("LoanStar") as the foreclosure trustee under the Deed of Trust.[4] An Assignment of Deed of Trust was executed on January 27, 2009 in favor of U.S. Bank National Association, as Trustee for WFMBS 2006-AR2.[5] After Plaintiff failed to cure his default, a Notice of Trustee's Sale was recorded on March 23, 2009, scheduling the public sale of the Property for April 13, 2009.[6] As of today, the Property has not yet been sold and the most recent foreclosure sale date of January 20, 2009 has been postponed in lieu of this action.

## III.

## ARGUMENT

### A. Standard for Review

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the Complaint. The court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy. Dismissal is proper under Federal Rule 12(b)(6) where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."[7] Further, according to Moore's Federal Practice, (3d ed. 2006) Vol. 2, ¶ 12.34 [4][a], [b]:

---

[1] *See* Request for Judicial Notice ("RJN") Exhibit "1"
[2] *See* RJN, Exhibit "1".
[3] RJN, Exhibit "2".
[4] RJN, Exhibit "3".
[5] RJN, Exhibit "4".
[6] RJN, Exhibit "5".
[7] *Balistreri v. Pacifica Police Dept*. 901 F.2d 696, 699 (9th Cir. 1990).

4

DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO DISMISS

Dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief....Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint. . . .

Examining the claims for relief of the Complaint in this action, it is readily apparent that they fall far short of the pleading requirements to survive a motion to dismiss. Plaintiff fails to state a single cognizable legal theory in support of his Complaint. Additionally, Plaintiff erroneously names Loanstar, a foreclosure trustee, as a Defendant in this matter. Thus, Loanstar's motion to dismiss must be granted and Plaintiff's Complaint dismissed without leave to amend.

**B.    Loanstar Must be Dismissed Pursuant to A.R.S. § 33-807(E).**

Loanstar must be dismissed from this action pursuant to A.R.S. § 33-807(E). A.R.S. §33-807(E) provides:

> "[A] trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, **the trustee is entitled to be immediately dismissed** and to recover costs and reasonable attorney fees from the person joining the trustee.[8]

Several recent cases have upheld the dismissal of foreclosure trustees pursuant to 33-807(E) where the action was based solely on the foreclosure sale of residential property and did not involve a breach of the trustee's obligations.[9]

In this case, Plaintiff's entire action revolves around the pending foreclosure of the Property. Plaintiff does not allege that Loanstar violated any of its duties as Trustee. The only reference to Loanstar in the Complaint is that Loanstar " 'transferred and assigned all beneficial interest' in the Note and mortgage to Defendant US Bank" as

---

[8] *See* A.R.S. § 33-807(E); Also See *Mansour v. [Cal-Western Reconveyance Corp](Cal-Western Reconveyance Corp).*, 618 F.Supp.2d 1178, 1183-1184 D.Ariz.,2009. (Emphasis Added).
[9] *Mansour v. Cal-Western Reconveyance Corp.,* at 1183-1184; Also See *Goodyke v. BNC Mortg., Inc.,* Slip Copy, 2009 WL 2971086 D. Ariz., 2009 (September 11, 2009).

5

DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO DISMISS

directed by Wells Fargo.[10] Thus, the policy behind the Arizona statutes applies precisely to this case where (1) Loanstar, as Trustee, is not alleged to be liable for any wrongdoing; and (2) Loanstar as Trustee for the beneficiary, will be bound by any judgment of the court upon the beneficiary.

In light of the foregoing, Loanstar is entitled to be immediately dismissed pursuant to A.R.S. § 33-807(E).

**C.     Plaintiff's Claims Pursuant to TILA and RESPA are time-barred.**

Plaintiff's Complaint is entitled "Amended Complaint for Enforcement of Qualified Written Request," yet his claims under the Federal Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") appear as afterthought to the remainder of the Complaint. Plaintiff briefly mentions TILA and RESPA in paragraphs thirty-eight and thirty-nine of the Complaint.[11] As almost an afterthought to the remainder of the Complaint, Plaintiff now alleges that EverBank failed to provide timely disclosures as required by the Federal Truth In Lending Act ("TILA").[12] Plaintiff fails to set forth any facts sufficient to constitute a claim for relief under TILA or RESPA. In any event, any alleged claim Plaintiff may have pursuant to TILA and RESPA is time-barred.

A borrower's claim for damages against the lender, based on the lender's violation of the disclosure requirements under the Truth In Lending Act, is governed by a <u>one-year statute of limitations</u>.[13] TILA requires borrowers to file an action "within one year from the date of the occurrence of the violation."[14] In the case of *Pacific Shore Funding v. Lozo*[15], the court held:

---

[10] *See* Complaint ¶ 24
[11] *See* Complaint ¶ 38-39.
[12] *See* Complaint ¶ 21.
[13] Truth in Lending Act, ("TILA") § 130(e), 15 U.S.C.A. § 1640(e).
[14] 15 U.S.C. 1640(e).
[15] (2006) 138 Cal.App.4th 1342, 1354

6
DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO DISMISS

> The alleged violation here is the failure to make proper and timely disclosures at least three days before consummation of the transaction, i.e., August 4, 2000. Thus, the Lozos had until August 3, 2001, to file their complaint. Their complaint for TILA damages is time-barred as it was filed on September 4, 2003.

RESPA has two statutes of limitations, (1) a one-year statute of limitations for violations of § 2607 involving kickbacks and unearned fees and (2) a three-year statute of limitations for violations of § 2605 involving disclosure of loan servicing.[16] As explained by the court in *Snow v. First American Title Ins. Co.*, the statute of limitations for RESPA begins to run at closing of the loan:

> The "primary ill" which RESPA seeks to remedy is "the potential for 'unnecessarily high settlement charges' caused by kickbacks, fee-splitting, and other practices that suppress price competition for settlement services. This ill occurs, if at all, when the plaintiff pays for the service, typically at the closing."[17]

In this case, Plaintiff executed the Loan and deed of trust on or about December, 2 2005.[18] However, the Complaint was filed more than three years after the consummation of the transaction.[19] Therefore, any Plaintiff's claims brought under TILA RESPA are time-barred and untimely. In light of the foregoing, Loanstar respectfully requests that its Motion to Dismiss be granted with prejudice.

**D.      Wells Fargo was the Proper Party to Initiate the Foreclosure Sale of the Property**

The prevailing theme throughout Plaintiff's Complaint is that "Wells Fargo is … not the current beneficiary… and lacked standing to bring an action of foreclosure."[20] Plaintiff's claim fails for several reasons. Most notably, as Plaintiff's admits in his Complaint, this Court has already disagreed with Plaintiff on this issue by granting Defendants relief from the automatic

---

[16] 12 U.S.C. § 2614.
[17] *Snow v. First American Title Ins. Co.,* 332 F.3d 356, 359-360 (5th Cir.2003); Also See *Vega v. JP Morgan Chase Bank, N.A.,* F.Supp.2d, 2009 WL 2731039 E.D.Cal.,2009
[18] *See* RJN Exhibit "A".
[19] *See* Court's Docket.
[20] *See* Complaint ¶ 26

7
DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO DISMISS

stay on October 2, 2009.[21]  Additionally, "[t]he foreclosure process is commenced by the recording of a Notice of Default and Election to Sell by the Trustee."[22]  The chain of title to the Property reflects that Wells Fargo properly initiated foreclosure proceedings prior to executing an assignment of deed of trust in favor of US Bank.[23]  Thus, Wells Fargo was still the beneficiary and the proper party to initiate foreclosure proceedings at the time the Notice of Default was executed.  Accordingly, Plaintiff's argument and entire Complaint are fatally flawed and should be dismissed without leave to amend.

**E.     Defendants Are not Required to Produce the Original Note.**

Plaintiff alleges that Wells Fargo has failed to produce the original Note and has therefore failed to prove it is entitled to commencing a foreclosure sale on the Property.[24]  The law in both Arizona and California has clearly established that physical possession of the original note is not a mandatory prerequisite for a beneficiary to initiate foreclosure.

Arizona courts have repeatedly rejected the "show me the note" argument for non-judicial foreclosure proceedings.[25]  This is because "[A] power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold… after breach or default in performance of the contract … for which the trust property is conveyed as security."[26]  Thus, "the Arizona Statutes governing the sale of foreclosed property through a trustee's sale do not

---

[21] *See* Complaint ¶ 26
[22] M*oeller v. Lien* (1994) 25 Cal.App.4th 822, 830.
[23] *See* RJN generally; *See* Statement of Facts.
[24] *See* Complaint generally; *See* Complaint ¶ 25.
[25] *Mansour v. Cal-Western Reconveyance Corp.,* 618 F.Supp.2d 1178, 1181 (D.Ariz.2009) (reasoning that the UCC statute pertaining to negotiable instruments provides that "persons entitled to enforce an instrument [include] ... a person not in possession of the instrument who is entitled to enforce the instrument pursuant to A.R.S. § 47-3301") (quotations omitted); *Diessner v. Mortgage Election Reg. Syst.,* 618 F.Supp.2d 1184 (D.Ariz.2009) (dismissing claim because "action involve[d] the non-judicial foreclosure of a real estate mortgage under an Arizona statute which does not require presentation of the original note before commencing foreclosure proceedings") (referencing ARIZ.REV.STAT. ANN. § 33-807).
[26] *Blau v. America's Servicing Co.*, Slip Copy 2009 WL 3174823 D.Ariz.2009; *Also See* A.R.S. §33-807(A).

DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO DISMISS

specifically require that the foreclosing party produce a physical copy of the original promissory note."[27]

Similarly, in California, the recent case of *Farner v. Countrywide Home Loans*[28], determined that "there does not appear to be any requirement under California law that the original note be produced in order to render the foreclosure proceedings valid." In addition, the court reached the same conclusion in its recent decision in the case of *Sicairos v. NDEX West, LLC.*[29] In *Sicairos*, the Court stressed, "Under Civil Code §2924, no party needs to physically possess the promissory note." This is because Actual possession of the original note is not part of the exhaustive regulatory scheme outlined in California Civil Code sections 2924 through 2924l.[30] Thus, "[i]t would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings."[31]

Therefore, based on applicable Arizona and California law, Plaintiff cannot use the "produce the note" argument as a means of stopping the foreclosure sale of the Property or establishing any other cause of action against Defendants. Plaintiff's Complaint should be dismissed without leave to amend because "it is clear that the Complaint could not be saved by amendment."[32]

---

[27] *Blau v. America's Servicing Co.*, Supra.
[28] *Farner v. Countrywide Home Loans*, 2009 WL 189025 (S.D.Cal.)
[29] 2009 WL 385855 (S.D.Cal.).
[30] *See* Civ. Code § 2924, et. seq.
[31] *Id.*
[32] Kendall v. Visa USA, Inc., 518 F.3d 1042, 1051 (9th Cir.2008).

## III.

## <u>CONCLUSION</u>

Based on the foregoing reasons, Defendant First American Loanstar Trustee Services respectfully requests that the Court sustain the Motion to Dismiss the Complaint in its entirety, without leave to amend.

                                        Respectfully submitted,

                                        WRIGHT, FINLAY & ZAK, LLP

Dated: February 3, 2010        By:    <u>/s/ Leonard J. McDonald, Jr. (SBN # 014228)</u>
                                                            Shahryar Bahmani, Esq.
                                                            Attorneys for Defendant,
                                                           FIRST AMERICAN LOANSTAR
                                                           TRUSTEE SERVICES

| | |
|---|---|
| 1 | ORIGINAL filed electronically with the United States Bankruptcy Court, District of Arizona, this 3RD day of February, 2010, and a copy mailed the 3RD ____ day of February, 2010 to: |
| 2 | |
| 3 | |
| 4 | ANDREW C BAILEY<br>2500 N PAGE SPRINGS RD<br>CORNVILLE, AZ 86325<br>PRO SE |
| 5 | |
| 6 | |
| 7 | JOHN L BAXTER<br>P O BOX 1539<br>SISTERS, OR 97759 |
| 8 | |
| 9 | U.S. Trustee<br>U.S. TRUSTEE<br>OFFICE OF THE U.S. TRUSTEE<br>230 NORTH FIRST AVENUE<br>SUITE 204<br>PHOENIX, AZ 85003 |
| 10 | |
| 11 | |
| 12 | JENNIFER A. GIAIMO<br>OFFICE OF THE U.S. TRUSTEE<br>230 N. FIRST AVE., #204<br>PHOENIX, AZ 85003-1706 |
| 13 | |
| 14 | |
| 15 | LARRY LEE WATSON<br>OFFICE OF THE U.S. TRUSTEE<br>230 North First Avenue, Suite 204<br>PHOENIX, AZ 85003-1706 |
| 16 | |
| 17 | |
| 18 | By:/s/ Paula D. Hillock |

11

DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO DISMISS