LEONARD J. MCDONALD (SBN 014228)
KEVIN P. NELSON (SBN 023381)
TIFFANY & BOSCO P.A.
THIRD FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103
E-MAIL: ljm@tblaw.com
kpn@tblaw.com

ATTORNEYS FOR DEFENDANT WELLS FARGO BANK

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW C. BAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK NA a/k/a WELLS FARGO HOME MORTGAGE ET AL; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC; FIRST AMERICAN TITLE INSURANCE COMPANY; FIDELITY NATIONAL TITLE INS CO; US BANK NA AS TRUSTEE FOR WFMBS 2006-AR2 (US BANK); WFMBS 2006-AR2; LEHMAN BROTHERS INC; JOHN DOES "3001-4000,<br><br>Defendants. | (Chapter 11)<br><br>Case No. 2:09-bk-06979-RTBP<br><br>Adv. No. **2:09-ap-01727-RTBP**<br><br>**DEFENDANTS WELLS FARGO BANK, N.A., U.S. BANK AS TRUSTEE FOR WFMBS 2006-AR2 and WFMBS 2006-AR2'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. BANKR. P. 7012** |

Defendants Wells Fargo Bank NA a/k/a Wells Fargo Home Mortgage et al, whose true name is Wells Fargo Bank, N.A. ("Wells"), U.S. Bank as Trustee for WFMBS 2006-AR2 (the "Trustee") and WFMBS 2006-AR2 (the "Trust") by and through counsel undersigned, and pursuant to Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6), hereby move the Court to dismiss -- with prejudice -- the Plaintiff Andrew C. Bailey's

("Bailey") Amended Complaint for Enforcement of Qualified Written Request and Temporary Restraining Order (the "Complaint") against Wells, the Trustee and the Trust.

The Complaint makes three general allegations as follows: 1) Wells, the Trustee and the Trust failed to respond to a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act; 2) Wells, the Trustee and the Trust failed to respond to a Debt Validation Letter ("DVL") under the Fair Debt Collection Practices Act; and 3) Wells does not have standing to initiate and maintain a foreclosure against the real property located at 153 Western Ave., Glendale, CA 91201 (the "Property").

Pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint fails to state a claim upon which relief can be granted. Wells, the Trustee and the Trust were not provided with a valid QWR and had no duty to respond to the alleged QWR. Further, the Fair Debt Collection Practices Act does not apply to a foreclosure proceeding. And Wells was duly authorized to initiate and maintain non-judicial foreclosure proceedings against the Property.

This Motion is supported by the following Memorandum of Points and Authorities, and the entire record in this matter and the entire record in the Lead Case No. 2:09-bk-0679-RTBP (the "Lead Case"), which are incorporated herein by this reference:

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. Factual Background**

On or about November 7, 2005, Bailey executed a Promissory Note (the "Note") in favor of Wells for the purchase of the Property. (Lead Case, Dkt. # 22, Ex. A.) The Note was secured by the Property through a duly recorded Deed of Trust which called for the application of California law. *Id*. at Ex. B, p. 11, ¶ 16. The Note and the Deed of Trust are hereinafter collectively referred to as the "Loan."

On December 22, 2008, due to Bailey's substantial default on the Loan, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") was recorded.

(Dkt. #15, Ex. 2.) On January 27, 2009, an Assignment of the Deed of Trust was executed in favor of U.S. Bank National Association, as Trustee for WFMBS 2006-AR2. *Id*. at Ex. 4. Bailey failed to cure his default on the Loan in a timely manner, therefore, a Notice of Trustee's Sale was recorded on March 23, 2009. *Id*. at Ex. 5.

At some point in time, Bailey sent a QWR and DVL to Wells, the Trustee and the Trust "through their attorneys." (Dkt. #8, 6:2-9.)

## II. Legal Argument

As a preliminary matter, the Court should note that Bailey appears to have requested a temporary restraining order by mere reference in the caption of the Complaint and a request in the Complaint's prayer for relief. Bailey utterly fails to meet the requirements of Fed. R. Civ. P. 65(b)(1) which is incorporated by Fed. R. Bankr. P. 7065. Bailey sets forth no specific facts that clearly show his entitlement to a temporary restraining order. (Dkt. #8). Rather, Bailey's allegations are based on mere conjecture. Therefore, Bailey's request for a temporary restraining order should be denied.

Further, Wells, the Trustee and the Trust should be dismissed from the Complaint with prejudice. Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must "give the defendant fair notice of what the…claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (citations omitted). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). The factual allegations of the Complaint fail to raise more than a speculative right to relief.

### a. Wells, the Trustee and the Trust were Never Provided With a Valid QWR

The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, imposes a duty on a loan <u>servicer</u> to take certain actions to respond to a valid QWR. In order for a QWR to be valid, the servicer must receive the QWR from the borrower or the agent of the borrower. 12 U.S.C. § 2605(e)(1)(A) (1996). However, RESPA does not impose a duty on a servicer to respond to a QWR when the QWR is served upon the servicer's agent, including the servicer's attorney. *Kee v. Fith Third Bank*, No. 2:06-CV-00602-CW, 2009 WL 735048, at *4 (D.Utah March 18, 2009) (*citing Griffin v. Citifinancial Mortgage Co., Inc.*, No. 3:05cv1502, 2006 U.S. Dist. LEXIS 6709, * 6-7, 2006 WL 266106 (M.D.Penn. Feb. 1, 2006).

The only entity responsible to respond to a QWR is a servicer. 12 U.S.C. § 2605. A servicer is defined by RESPA as "the person responsible for servicing of a mortgage loan (including the person who makes or holds a mortgage loan if such person also services the mortgage loan)." 24 C.F.R. § 3500.2(b). Bailey has not and cannot legitimately assert that either the Trustee or the Trust were the servicer of the Loan. (Dkt. #8). Therefore, neither the Trustee nor the Trust had a duty to respond to Bailey's alleged QWR.

Assuming, for the purposes of this Motion only, that Wells is the servicer of the Loan, Bailey admits that he provided the alleged QWR to Wells through its attorneys only. (Dkt. #8, 6:2-9.) Bailey's admission is supported by the record in the Lead Case. (Lead Case Dkt. # 72, Ex. B.) Because Bailey did not serve Wells with the QWR, Wells did not have a duty to respond to the QWR. *Kee*, 2009 WL 735408, at *4.

Further, there is no private cause of action under RESPA that would allow a borrower to force a servicer or anyone else to respond to a QWR. Rather, a borrower may only recover damages for a servicer's failure to respond to a QWR. 12 U.S.C. §

2605(f). Bailey does not allege in the Complaint that he has been damaged, he merely requests the Court to force Wells, the Trustee and the Trust to respond to the QWR. (Dkt. #8.) Such an action is not permitted by RESPA. *See* 12 U.S.C. § 2605(f).

Finally, under 12 U.S.C. § 2605(e) a QWR must include "a statement of the reasons for the belief of the borrower, to the extent applicable, that [his] account is in error" or provide "sufficient detail to the servicer regarding other information sought by the borrower." Here, Bailey's alleged QWR falls far short of meeting either requirement. (Lead Case Dkt. # 72, Ex. B.)

Therefore, Bailey's allegations regarding Wells, the Trustee and the Trust's failure to respond to the QWR fail to state a claim upon which relief can be granted.

### b. The Fair Debt Collection Practices Act is Inapplicable.

Bailey requests that the Court force Wells, the Trustee and the Trust to respond to a DVL under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (Dkt. #8, ¶¶ 20, 24-33). The basis for Bailey's request appears to be that Wells, the Trustee and the Trust, in the process of the non-judicial foreclosure proceeding against the Property, violated the FDCPA. *Id.* However, "a non-judicial foreclosure proceeding is not the collection of a 'debt' for purposes of the FDCPA." *Mansour v. Cal-Western Reconveyance Corp.,* 618 F.Supp.2d 1178, 1182 (D.Ariz. 2009) (citing *Hulse v. Ocwen Fed. Bank*, 195 F.Supp.2d 1188, 1204 (D.Or. 2002); *Gray v. Four Oak Court Ass'n*, 580 F.Supp.2d 883 (D.Minn. 2008)).

Further, as with Bailey's RESPA allegations, the FDCPA does not provide a private cause of action that would allow a borrower to force anyone to respond to a DVL. Rather, a borrower is limited to damages for a violation of the FDCPA. 15 U.S.C. § 1692k. Bailey does not allege in the Complaint that he has been damaged, he merely requests the Court to force Wells, the Trustee and the Trust to respond to the DVL. (Dkt. #8.) Such an action is not permitted by FDCPA. 15 U.S.C. § 1692k.

Therefore, Bailey's allegations regarding Wells, the Trustee and the Trust's failure to respond to the DVL also fail to state a claim upon which relief can be granted.

### c. Wells had Standing to Initiate and Maintain the Foreclosure

The Complaint is replete with legal conclusions that Wells does not have standing to initiate and maintain a foreclosure action against the Property. (Dkt. #8, ¶¶ 24-33.)[1] Said legal conclusions are based on two underlying allegations. First, Bailey alleges that Wells was not the beneficiary of the Loan at the time the foreclosure was initiated. Second, Bailey alleges that Wells is not the holder of the Note. Bailey's first allegation is without merit and his second allegation is irrelevant.

Wells was the beneficiary of the Loan at the time the foreclosure was initiated. As set forth above, the Deed of Trust calls for the application of California law. (Lead Case, Dkt. #22, Ex. B, p. 11, ¶ 16.) Under California law, "[t]he foreclosure process is commenced by the recording of a Notice of Default and Election to Sell by the Trustee." *Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994) (*citing* Civ. Code § 2924).

Here, the Notice of Default was recorded on December 22, 2008, prior to the time that Wells assigned its interest in the Loan. (Dkt. #15 Exs. 2 & 5.) Therefore, Wells was the beneficiary of the Loan at the time the foreclosure was initiated.

Whether Wells was the holder of the Note is irrelevant. In order to obtain stay relief, Wells was required to prove that it had standing and was the real party in interest entitled to foreclose on the Property. *See In re Wilhelm*, 407 B.R. 392, 398 (D. Idaho 2009). This Court decided those issues in favor of Wells in the Lead Case. (Lead Case, Dkt. # 66 &127.) Therefore, the doctrine of collateral estoppel bars relitigation of those issues as they "were actually and necessarily decided in prior litigation between the parties." *See Vitreous Steel Products Co. v. Miller*, 911 F.2d 1223, 1234 (7th Cir. 1990)

---

[1] The Court should note that no such allegations are made against the Trustee or the Trust. (Dkt. #8).

1  (*citing White v. Elrod*, 816 F.2d 1172, 1174 (7th Cir.), *cert. denied*, 484 U.S. 924, 108 S.Ct. 286, 98 L.Ed.2d 246 (1987).

Regardless, actual possession of an original note is not part of the requirements for a valid non-judicial foreclosure under California law. *Sicairos v. NDEX West, LLC*, No. 08cv2014-LAB (BLM), 2009 WL 385855, at *2-3 (S.D. Cal. Feb. 13, 2009)). And neither the Trustee nor the Trust object to Wells' initiation and maintenance of the non-judicial foreclosure proceedings against the Property.

Therefore, Bailey's allegations regarding Wells' standing to initiate and maintain the foreclosure and Wells' possession of the original Note fail to state a claim upon which relief can be granted.

### III.  Conclusion

For the foregoing reasons, Wells, the Trustee and the Trust respectfully request that the Court dismiss them from the Complaint with prejudice.

RESPECTFULLY SUMITTED this 2nd day of February, 2010.

**TIFFANY & BOSCO, P.A.**

By: /s/ Leonard J. McDonald, Jr.
Leonard J. McDonald, Jr.
Kevin P. Nelson
2525 E. Camelback Road, 3rd Floor
Phoenix, Arizona 85016-4237
*Counsel for Wells Fargo Bank, N.A.*

ORIGINAL filed electronically with the United States Bankruptcy Court, District of Arizona, this 3rd day of February, 2010, and a copy mailed the 3rd day of February to:

Andrew C Bailey
2500 N Page Springs Rd
Cornville, Az 86325
Pro Se

John L Baxter
P O Box 1539
Sisters, Or 97759

U.S. Trustee
U.S. Trustee
Office Of The U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, Az 85003

Jennifer A. Giaimo
Office Of The U.S. Trustee
230 N. First Ave., #204
Phoenix, Az 85003-1706

Larry Lee Watson
Office Of The U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, Az 85003-1706


By: /s/ Paula D. Hillock

7000-003/423216