LEONARD J. MCDONALD (SBN 014228)
KEVIN P. NELSON (SBN 023381)

**TB TIFFANY & BOSCO**
P.A.

THIRD FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103
E-MAIL:   ljm@tblaw.com
          kpn@tblaw.com

ATTORNEYS FOR DEFENDANT WELLS FARGO BANK,
U.S. BANK AS TRUSTEE FOR WFMBS 2006-AR2 AND
WFMBS 2006-AR2

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW C. BAILEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK NA a/k/a WELLS FARGO HOME MORTGAGE ET AL; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC; FIRST AMERICAN TITLE INSURANCE COMPANY; FIDELITY NATIONAL TITLE INS CO; US BANK NA AS TRUSTEE FOR WFMBS 2006-AR2 (US BANK); WFMBS 2006-AR2; LEHMAN BROTHERS INC; JOHN DOES "3001-4000,<br><br>　　　　　Defendants. | (Chapter 11)<br><br>Case No. 2:09-bk-06979-RTBP<br><br>Adv. No. **2:09-ap-01727-RTBP**<br><br>**DEFENDANTS WELLS FARGO BANK, N.A., U.S. BANK AS TRUSTEE FOR WFMBS 2006-AR2 and WFMBS 2006-AR2'S MOTION TO STAY DISCOVERY UNTIL AFTER ANSWER IS FILED** |

Defendants Wells Fargo Bank NA a/k/a Wells Fargo Home Mortgage et al, whose true name is Wells Fargo Bank, N.A. ("Wells"), U.S. Bank as Trustee for WFMBS 2006-AR2 (the "Trustee") and WFMBS 2006-AR2 (the "Trust") (collectively the "Defendants") by and through counsel undersigned, and pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(d), hereby move the Court to stay both the issuance of and

-1-

response to written discovery in this adversary proceeding until after the Court has ruled upon the Defendants' Motion to Dismiss at Dkt. #16 and after Defendants have filed an Answer to Plaintiff Andrew C. Bailey's ("Bailey") Amended Complaint for Enforcement of Qualified Written Request and Temporary Restraining Order (the "Complaint").

Bailey filed his original complaint in this matter on December 23, 2009. (Dkt. #1). On or about January 11, 2010, before the Defendants' response to the original complaint was due, Bailey sent his First Set of Interrogatories and First Request for Production of Documents (the "Discovery Requests") to Wells. On January 19, 2010, Bailey filed the Complaint and, shortly thereafter on January 22, 2010, resent the Discovery Requests to Wells. (Dkt. # 8, 12). On February 5, 2010, the Defendants filed a Motion to Dismiss, which Motion may dispose of this adversary proceeding in its entirety. (Dkt. #16).

Bailey's issuance of written discovery to Wells Fargo before any responsive pleading was filed was premature, procedurally improper and unnecessary. Pursuant to Fed. R. Bankr. P. 7026, which incorporates Fed. R. Civ. P. 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The parties have not conferred pursuant to Rule 26(f) at this time and any such conference would be premature given the Defendants' pending Motion to Dismiss.

Further, if discovery is not stayed and this matter is resolved by the Defendants' pending Motion to Dismiss, Wells will incur unnecessary time and expense responding to burdensome written discovery propounded by Bailey or seeking a protective order regarding same or both. This is also true for the Trustee and the Trust if discovery is not stayed against them and Bailey issues written discovery to them.

However, Bailey will not suffer prejudice if discovery is stayed at this time. If the Defendants' pending Motion to Dismiss is denied, the Defendants will be required to file

an Answer and the parties can participate in discovery as contemplated by the applicable procedural rules in due course after a Rule 26(f) conference is held.

Further, as the relevant documents and information were produced in connection with Wells' pending Motion for Relief from the Automatic stay in the lead case and the Defendants' pending Motion to Dismiss, Bailey's premature Discovery Requests are moot and unnecessary.

The Defendants request that discovery be temporarily stayed until after the Court has ruled upon their pending Motion to Dismiss and an Answer to the Complaint is filed, if necessary. Such action will ensure that the parties and the Court save time, expenses and resources which will not have to be incurred should the Defendants' pending Motion to Dismiss be granted.

For the foregoing reasons, Wells, the Trustee and the Trust respectfully request that the Court issue an Order staying discovery in this matter until after the Court has ruled on the Defendants' pending Motion to Dismiss and, if denied, after the Defendants have filed an Answer to the Complaint.

RESPECTFULLY SUMITTED this 12th day of February, 2010.

**TIFFANY & BOSCO, P.A.**

By: /s/ Kevin P. Nelson
Leonard J. McDonald
Kevin P. Nelson
2525 E. Camelback Road, 3rd Floor
Phoenix, Arizona 85016-4237
*Attorneys for Wells Fargo Bank, N.A., U.S. Bank as Trustee for WFMBS 2006-AR2 and WFMBS 2006-AR2*

1  ORIGINAL filed electronically with the
   United States Bankruptcy Court,
2  District of Arizona, this 12th day of February,
3  2010; COPY mailed this 12th day of February to:

4  Andrew C. Bailey
   2500 N. Page Springs Rd.
5  Cornville, AZ  86325
   Debtor, Pro Se
6

7  John L. Baxter
   P.O. Box 1539
8  Sisters, OR  97759

9  U.S. Trustee
   Office of the U.S. Trustee
10 230 North First Avenue, Suite 204
11 Phoenix, AZ  85001706

12 Jennifer A. Giaimo
   Office of the U.S. Trustee
13 230 N. First Avenue, Suite 204
14 Phoenix, AZ  85003-1706

15 Larry Lee Watson
   Office of the U.S. Trustee
16 230 North First Avenue, Suite 204
17 Phoenix, AZ  85003-1706

18
   /s/ Karen McElroy
19 7000-003/424842