31

FILED

2010 FEB 16 AM 9: 21

CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

1   **ANDREW C. BAILEY**
    2500 N. Page Springs Rd
2   Cornville, AZ 86325
    928 634-4335
3   *Self-represented Litigant*

4           UNITED STATES BANKRUPTCY COURT

5              FOR THE DISTRICT OF ARIZONA

6

| In re: | **Chapter 11** |
|---|---|
| | **Case # 2:09-bk-06979-PHX-RTBP** |
| **ANDREW C. BAILEY** | Adversary case # 2:09-ap-01727-RTBP |
| Plaintiff/Respondent | |
| Vs | **PLAINTIFF'S MEMORANDUM IN** |
| **WELLS FARGO BANK NA a/k/a WELLS** | **OPPOSITION TO DEFENDANT'S** |
| **FIRST AMERICAN LOANSTAR** | **MOTION TO DISMISS AMENDED** |
| **TRUSTEE SERVICES, US BANK,** | **COMPLAINT PURSUANT TO** |
| **LEHMAN BOTHERS BANK FSB** | **FRCP RULE 12(B)(6)** |
| **ET AL** | |
| Defendants | |
| | Subject property: |
| **FIRST AMERICAN LOANSTAR** | 153 Western Avenue, |
| **TRUSTEE SERVICES LLC (Loanstar)** | Glendale, CA 92101 |
| Movant | |

16   Plaintiff opposes and rebuts Movant's motion to dismiss his Amended Complaint for

17   Enforcement of the Qualified Written Request (QWR) under RESPA and TILA and

18   Temporary Restraining Order (the Motion). Plaintiff asks this Court to deny the Motion to

19   dismiss the Complaint in its entirety, with prejudice. Plaintiff opposes the dismissal of

20   "Loanstar" from the action. Plaintiff has not asserted any wrongdoing on their part, but has

21   significant questions to ask of them, without answers to which the Court cannot rule on the

22   merits. The Complaint should not be dismissed for purely procedural reasons.

23   The primary statutory predicate for the relief requested in the Complaint is Federal Rule of

24   Bankruptcy Procedure 7001(2) to determine the validity, priority, or extent of a lien or other

25   interest in property, other than a proceeding under Rule 4003(d), and Federal Rule of

### 3) Defendants (*plural*)

By its use of the plural "Defendants", Loanstar appears to be speaking for all of the named Defendants in the foregoing. This seems to be an attempt to prejudice the Court and to deflect the Court's attention from the real issues before it.

The Motion to Dismiss is not a proper application of Rule 12(b)(6) except possibly in the limited case where Defendant Loanstar was not served with the QWR. Plaintiff reiterates and re-affirms the grounds for his Complaint, to wit that Defendants failed to comply with statutory disclosure requirements with respect to his loan and that he has an inalienable right to disclosure and discovery under Federal Rule of Bankruptcy Procedure 7001(2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), and Federal Rule of Bankruptcy Procedure 7001(9) to obtain a declaratory judgment relating to the foregoing.

Plaintiff reiterates and re-affirms his request that this Court enforce the QWR or other appropriate form of discovery and that this Court impose a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) and Fed. R. Bankr. P. Rule 7065 if needed.

Plaintiff references and incorporates hereby the entire record in the adversary matter and the entire record in BK Case # 2:09-bk-06979-RTBP, this Memorandum, and EXHIBITS "A" thru "F", and declares and states as follows:

02/16/2010

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction and Background

The Complaint and amended Complaint is an Action for enforcement of the QWR, and for discovery. Plaintiff affirmatively asserts that Wells Fargo's attempt to foreclose is improper as a result of the securitization of the transaction and other factors. Furthermore, the October 2nd 2009 Order granting relief from the automatic stay was obtained by false representation, and should immediately be vacated. Wells Fargo was not the beneficiary as falsely represented at the Sept 28, 2009 hearing and as falsely stated on the consequent Order. At the Sept 28, 2009 hearing Wells Fargo does not and cannot deny that it failed to disclose either the Assignment of Deed of Trust to US Bank or any relationship whatsoever with US Bank, who had colorable claim to the title of "current beneficiary" at that time whereas Wells Fargo was certainly not the beneficiary. A new Preliminary Hearing on the matter was subsequently held on January 19, 2010 at which Wells Fargo's counsel again knowingly, dishonestly and affirmatively told the Court that Wells Fargo still owned the note. The Court offered counsel the chance to file a declaration clarifying Wells Fargo's standing by January 22nd, 2010. No such declaration was forthcoming.

## Plaintiff's Request for a Temporary Restraining Order

Furthermore, a premature foreclosure before discovery would deny the Plaintiff due process and cause irreparable harm to him, his family, his partners, and his creditors, and would unjustly enrich Wells Fargo. Hence Plaintiff's request for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) and Fed. R. Bankr. P. Rule 7065.

## Rule 12(b)(6)

The Motion is based on the assertion that the Complaint fails to state a claim upon which

02/16/2010

relief can be granted and that the entire Complaint should therefore be dismissed under Rule 12(b)(6). The Complaint is an action aimed at obtaining and clarifying undisclosed information with regard to Plaintiff's mortgage account. All of the Defendants, including Loanstar who purportedly was the trustee at the time they recorded the alleged Notice of Default, have information essential to the investigation. Defendants, including Loanstar, cannot deny they have a duty to answer discovery. Plaintiff makes no allegations, but asks for answers to a number of specific questions from Loanstar. Wells Fargo as "loan servicer" most certainly and undeniably has a statutory duty to answer despite their effort to evade that duty. Therefore the Complaint should not be dismissed in its entirety. The Motion should be denied with prejudice. Loanstar should not be dismissed from the action.

**Why is Loanstar's Motion so Vociferous in its Support of Wells Fargo?**

The Motion to dismiss the complaint in its entirety appears to be a ploy to rescue Wells Fargo, its business associates, and its attorneys from the consequences of possibly improper actions in the matter to date and to prevent the disclosure of information and accounting essential to Plaintiff's case. Are Defendants trying to hide something? Should the Court dismiss Plaintiff's motion in its entirety, the Defendants would be freed from their statutory duty to provide the information sought in the Complaint. If any of this information could be construed as evidence of a violation, this would be a good incentive to avoid and evade discovery. Plaintiff asks the Court to note that the Motion purports to come from one Shahryar Bahmani, Esq of the law firm of Wright, Finlay and Zak of Newport Beach, CA, and yet is signed by Leonard J. McDonald of the Phoenix, AZ law firm of Tiffany & Bosco and Paula Hillock, also of the law firm of Tiffany & Bosco.

Mr. McDonald is Wells Fargo's attorney in the foreclosure proceedings, and is the very

person who has apparently made a number of false representations to the Court. Furthermore, the purported Motion submitted by the aforementioned Shahryar Bahmani, Esq was neither signed nor dated. The signature line and date line are blank. (EXHIBIT "A") Finally, according to Plaintiff's forensic analyst, there appear to be problems with Movant's documents submitted with the Motion as exhibits. Certain of them appear to come from a Texas entity notarized in a different state for a client in yet another state and executed (where signed) by individuals whose identity, authority and job title are not stated. The recorded versions are different from the ones sent to Plaintiff by mail.

**When Did Loanstar Become the Trustee?**

Plaintiff is in possession of recorded legal documents purportedly identifying Loanstar as Trustee as early as December, 2008. Loanstar did not become the trustee until a Substitution of Trustee was executed and recorded, notably by and to themselves and executed by an alleged employee of Loanstar itself, on or about January 23, 2009, prior to which date the Trustee was Fidelity National Title Insurance, the original trustee. On information and belief, documents executed by Loanstar prior to January 23, 2009 may be ineffective, null and void, especially as they seem to be have been executed by Loanstar as agent for Wells Fargo as beneficiary at a time when Wells Fargo was no longer the beneficiary.

**Documentation**

On or about December 30, 2008 Plaintiff received a package by certified mail from a hitherto unknown company named First American Loanstar Trustee Services LLP of Fort Worth, Texas (Loanstar) containing a Notice of Default and Election to Sell. The Notice was apparently filed on or about December 22, 2008. (EXHIBIT "B" Notice of Default). The alleged Notice of Default may have failed to comply with California Civil Code 2923.5

and 2924. A Notice of Default filed in violation of statute is void as a matter of law. Additionally, Loanstar was not the trustee of record at the time of filing the alleged Notice of Default on December 22, 2008, and did not become the trustee until the January 23, 2009 Substitution of Trustee.

Accompanying the alleged Notice of Default was a letter from Loanstar which states "the current creditor to whom the debt is owed is US Bank NA as Trustee for WFMBS 2006-AR2. The loan is serviced by Wells Fargo Home Mortgage." (EXHIBIT "C")

This letter establishes beyond question that US Bank was the beneficiary, not Wells Fargo, as of the date of the Notice of Default and of course at the date of the two hearings subsequently conducted. Wells Fargo was the servicer, not the beneficiary. It is not known when Wells Fargo and US Bank NA executed the agreement defining their respective roles, rights and duties, which, on information and belief, would be the date of the undisclosed Pooling and Servicing Agreement or other Agreement sought in Debtor's discovery quest.

On or about January 27, 2009, an Assignment of Deed of Trust transferring all beneficial interest in the transaction from Wells Fargo to US Bank was filed at the Los Angeles County Recorder's Office. On or about March 23, 2009 a Notice of Trustee's Sale was filed at the Los Angeles County Recorder's Office, naming US Bank NA as beneficiary.

(Exhibit "D" Assignment of Deed of Trust; Exhibit "E" Notice of Trustee Sale;).

Lastly, and perhaps significantly, on or about January 23, 2009 a Substitution of Trustee was filed with the Los Angeles County Recorder. (Exhibit "F') The recorded document appears to have been executed by an employee of First American Loanstar Trustee Services LLC effectively substituting Loanstar on behalf of itself as "attorney in fact" for Wells

Fargo Bank NA as beneficiary. Wells Fargo at that time was with certainty not the beneficiary.

**The Complaint Should not be Dismissed**

Plaintiff is asking this Court to affirm his right to the following, one way or another:

1) Discovery revealing the identity of his creditor(s),

2) An accounting of all credits and debits related to his account, including all third-party payments, and

3) An evidentiary hearing on the merits, with sworn witnesses, if necessary.

**Who is the Creditor?**

In the age of securitization, credit default swaps and federal bailouts, the above is not as straightforward as it sounds. There is no question that this loan was securitized. (see securitization chart EXHIBIT "G") In a securitized "loan" transaction, the "loan originator" or "loan servicer" is rarely if ever the creditor, i.e. the investor, i.e. the person who actually put up the money to fund the loan. The creditor or investor is rarely if ever identified on the loan documents. The "lender" identified in the "loan" documents is falsely identified, in this case as Wells Fargo. None of the named Defendants in this case appears to be a creditor, under any accepted definition of that term. Only one or more of John Does 3001 – 4000 might qualify. A "trustee" for a mortgage-backed asset "trust" is not a creditor. Neither is such a "trust" a creditor. Such a "trustee" or "trust" might claim to have authority from the creditor, but cannot claim to represent an undisclosed principal.

**What does the Plaintiff Owe and has the Obligation been Paid?**

Further, the obligation created by the note may have been paid in whole or in part by third

02/16/2010

parties. The note may or may not be in default. There is an allegation of default, but this has never been accounted for. The borrower has never received any accounting of the third-party payments, the existence of which is anything but speculative. It is a major subject of Judge James M. Peck's January, 2010 ruling in the Lehman Brothers bankruptcy case, which concerns many Wells Fargo transactions, very probably including this one.

Plaintiff refers the Court to the ruling by Judge James M. Peck published February 5, 2010 in Lehman's bankruptcy proceedings wherein it is recited that there are counter-party payments that have been made and are being made and where the prioritization of those payments is in dispute. Those payments directly relate to underlying assets of securitized mortgages which include Plaintiff's. Until the parties provide a full and accurate accounting of how they allocated the counter-party payments and any of the federal bailout and TARP money, if any of it got to Lehman or to Lehman counter-parties, and until they provide a full accounting and identification of the creditor, they do not have any right to proceed.

**How is the Plaintiff to get this Information, if not from these Defendants?**

These are genuine issues of fact. It is Plaintiff's inalienable right under Federal and State law to have access to complete information concerning his account. Only when a full accounting has been provided, including all third-party payments, will Plaintiff and his expert analysts know who his creditor is and how much he owes them. Only then can Plaintiff negotiate with them per Federal mandate, and only then can the Chapter 11 case move forward.

Plaintiff has done everything in his power to acquire this information, including the serving of QWRs and DVLs under RESPA, TILA and FDCPA on Defendants, the filing of a Motion for Expedited Discovery, and the serving of a First Set of Interrogatories and First

Request to Produce Documents on Defendants. The Court has clearly told Plaintiff that discovery is to be pursued in the Adversary Proceeding.

Plaintiff is simply seeking answers to the basic questions of who his creditor is and how much he owes them. These answers are being withheld. He is asking this Court to allow discovery as the only path to an equitable resolution. He certainly has no interest in delay.

**Defendant Loanstar's Request for Dismissal**

Plaintiff certainly "grouped Loanstar with the other Defendants named in this action." It was Plaintiff's information and belief that all known parties in the securitization scheme should be named in the action. Loanstar is certainly in possession of at least some of the information sought. If this "grouping" was improper, Plaintiff apologizes.

"Pursuant to A.R.S 33-807(E) a foreclosure Trustee is entitled to immediate dismissal from any action not involving a breach of its duties as trustee." Plaintiff is not asserting any wrongdoing on the part of Loanstar. He is merely seeking information from them. Plaintiff opposes Loanstar's immediate dismissal from the action before certain questions have been clarified, as set forth above.

**Presumption of Default**

A notice alleging default has been recorded. However, no documentation has ever been provided proving that Plaintiff's account is in default. It is subject to multiple income streams, of which Plaintiff's in only one. Once again, until and unless a full accounting is provided, Plaintiff has not conceded and does not concede that the "loan" is in default.

**Wells Fargo was not the Beneficiary at the September 28, 2009 Hearings.**

02/16/2010

Defendants continue to stonewall, steadfastly refusing to comply with federal statutes, and refusing to answer legitimate questions in discovery. Plaintiff notes that Wells Fargo has finally been forced to admit that it is not the current beneficiary under the note, despite the fact that on October 2, 2009 this Court entered an Order granting relief from the automatic stay on the basis of that false representation. The October 2, 2009 Order specifically states that Wells Fargo is the current beneficiary under the note, a representation that was false at the time and known to be false by the attorney making the representation.

A claim of "inadvertence" would lack credibility given that Wells Fargo and its attorneys knew with certainty that Wells Fargo was not the current beneficiary at the time of the September 28, 2009 hearings. Further, Plaintiff's various challenges and statements to that effect over the previous months and weeks, in particular Plaintiff's September 21, 2009 certified letter to Wells Fargo, were specifically supported by the Assignment of Deed of Trust to US Bank filed at the Los Angeles County Recorder's Office on or about January 27, 2009.

Plaintiff refers the Court to his September 21, 2009 certified letter (attached as EXHIBIT "C") which specifically and unambiguously addresses the transfer of all beneficial interest to US Bank. This letter was served on Wells Fargo's attorneys by certified mail one week prior to the September 28, 2009 preliminary hearing. That hearing improperly and prematurely resulted in this Court's Order granting Wells Fargo relief from the automatic stay. The relief that this Court granted was based on false representation and should be automatically vacated.

**This is not a "Show me the Note" Strategy**

Plaintiff has maintained *ab initio* that Wells Fargo lacks standing to initiate and maintain a

foreclosure action against the Property, independently of whether or not they "possess" the promissory note or a copy thereof. This is not a "show me the note" strategy. Wells Fargo has in any event failed to prove any right or authority to enforce the note. Wells Fargo is a servicer and not a creditor in the instant case. Neither is US Bank the creditor in the instant case, under any accepted definition of that term. US Bank appears to be a "trustee" for a mortgage-backed security. Neither Wells Fargo as servicer nor US Bank as "trustee" has any right to foreclose without documented authority from the creditor, who is and remains undisclosed and unidentified.

## US Bankruptcy Judge Samuel L. Bufford

Notwithstanding the foregoing, there is another side to the "show me the note" story. United States Bankruptcy Judge Samuel Bufford (Central District of California) has been on the bench since 1985 and is known for having issued some unusual decisions. Judge Bufford's most recent directive requires creditor's counsel to present, in court, directly to Judge Bufford at the hearing, the original of all promissory notes involved in relief from stay motions. Otherwise, the motion will be denied (with certain exceptions). "This requirement will apply because developments in the secondary market for mortgages and other security interests cause the court to lack confidence that presenting a copy of a promissory note is sufficient to show that movant has a right to enforce the note or that it qualifies as a real party in interest." (*citation omitted*)

## The Alphabet Problem

As we can see from the securitization chart (EXHIBIT "G") Entity A (Wells Fargo) originated the "loan" secured by Plaintiff's Property and sold it to Entity B (a mortgage warehouser - Lehman Brothers, Inc, an investment banker) who "sliced and diced" it along

with hundreds or thousands of other mortgage loans, and sold part or all of it into Entity C (WFMBS 2006-AR2, a Special Purpose Vehicle) who sold certificates via Entity D (US Bank, a mortgage-backed securities "trustee") and other conduits and intermediaries to Entities E, F, G and so on, investors or groups of investors in Wall Street securities or derivatives, which appears to include Lehman Brothers again as well as other institutional investors including Barclays of England. The creditor would logically be one or more of Entity E, F or G, who actually put up the money and might lose it in the event of a default. None of the transfers however were ever properly recorded as true sales except perhaps for the first two, A and B, neither of whom can claim to be creditors. Entity E, F or G etc, the creditor, a necessary and indispensable party to this action, is not identified or present in the instant case. The above is an extreme simplification and is presented for illustrative purposes only. Plaintiff does not guarantee its accuracy.

**Role of Lehman Brothers Bank FSB in Light of Lehman's Bankruptcy**

Lehman Brothers Bank FSB, one of the named Defendants, co-participant with Wells Fargo, Bank of New York, US Bank, Barclays Bank and numerous other players in one or more of the controversial multibillion-dollar securitization schemes that includes several of Plaintiff's loans, including this one, is in Chapter 11 bankruptcy. Lehman is clearly involved in the instant action. Lehman appears to be one of the multiple stakeholders with a colorable claim on this Property. Plaintiff asks whether the US Trustee or US Bankruptcy Judge James M. Peck in the New York Bankruptcy Court is aware of this foreclosure action. Plaintiff has named Lehman in this action, but does not know whether or not he is in fact barred from bringing an adversary action against Lehman. The instant litigation is going to affect Lehman. Plaintiff might be barred from bringing the adversarial complaint

because it violates the automatic stay under Bankruptcy Code section 362(a). He looks to the Court for guidance in that regard.

Lehman is subject to an act of bankruptcy where the third party payments that were discussed in the January 19, 2010 hearing were the subject of Judge Peck's ruling on the prioritization of those payments and whether or not they were required to be made or received. It is indisputable that third party payments occurred. It is indisputable that they are an issue. It is not known who the payments came from, where they went, how they were allocated and whether they should be allocated to Plaintiff's mortgage. If paid in exchange for any interest or insurance obligation on the pool the mortgage was in, then some part of that should be allocated to the mortgage.

**If Defendant is not a Creditor, is it an Agent for the Creditor?**
If the parties want to assert that they are not the creditor but are the agent for the creditor they must disclose who the creditor is. They must produce documentation that proves they are the agent of the creditor and their agency relationship with the creditor. They cannot assert that they are suing on behalf of an undisclosed principal.

**Who is the Creditor?**
Wells Fargo is not the creditor, neither is US Bank the creditor. US Bank clearly sold the subject transaction into asset-backed securities so the creditors, if discoverable, would be the actual people who parted with the money, to wit, the investors. This is not vague theory. It is verifiable and provable fact.

**Are Plaintiff's Assertions Speculative?**
Far from being speculative, Plaintiff's factual allegations are the best he and his analysts can do in view of the stonewalling by the Defendants. Either Defendants are the creditor or they have authority to represent the creditor or they are not the creditor and they do not

02/16/2010

have the authority to represent the creditor. Either the accounting will show there is a balance due to the Defendants, or it will show that there is not a balance due to the Defendants. It might show there is a balance due to Plaintiff or to the investor or both. Neither the Plaintiff nor the Court will know until a full accounting of the money has been provided and the documents are disclosed by which the Defendants took the money.

The above has to be interpreted in the light of Judge Peck's ruling regarding the prioritization of those very payments. The fact that Judge Peck has ruled on the prioritization of these payments and has recited in his ruling that they exist is all Plaintiff needs to assert that his allegations are far from speculative.

**Has The Obligation Been Paid?**

The Defendants assert: "Bailey has not claimed that he has paid his obligation." Equally, Defendants have not and cannot claim that the obligation has or has not been paid by third party payments. This is a genuine issue of fact.

**Service Of The RESPA/TILA QWR**

Whether or not the September 21, 2009 service was technically proper, Plaintiff just wants information. The statutes say he is entitled to that information. Defendants assert that the original service was deficient, a statement that Wells Fargo's own actions clearly contradict. In any event, Defendant admits to having it now. In that case, let them answer it now.

Plaintiff is looking for substantive answers and he has a right to those answers. He wants to know who his creditor is and he wants to verify the status of his account. He wants to know if the account is paid, overpaid, underpaid, still due, outstanding, or extinguished. Plaintiff does not and cannot know and Defendants won't tell him. Plaintiff is not saying he doesn't owe any money or that the mortgage is invalid. He is standing up for his rights under RESPA, TILA and FDCPA to get two things: 1) The identity of the creditor and 2) A full

1    accounting of the transactions on his account including third party payments.

2

3    Plaintiff is simply asking what anyone would ask in small claims court. How much do I owe, to whom do I owe it, what payments have you received, did you credit all the payments, and who got paid in this transaction? Under TILA Plaintiff has the right to know who made money all the way up the securitization chain. If Defendants didn't disclose the other players in the scheme at or before the "closing" there are other liabilities. But first Plaintiff needs to know if anybody did get paid. He can't know that unless Defendants comply with discovery. That is the purpose of the QWR. Let them answer it now.

4

5

6

7

8

9    **In the meanwhile neither Defendants nor anyone else have any right to pursue foreclosure until and unless they come forward and show with certainty they are the creditor.**

10

11

12

13    According to Plaintiff's expert declaration Defendants may be avoiding discovery because firstly they don't want to have to account for what happened in the securitization process and how much they took in fees. This will be revealed if the Court allows discovery. The expert declaration says that in Plaintiff's case Defendants may have taken as much in fees as they did to fund the loan, without telling the investor. This was apparently standard procedure. So of course Defendants don't want to provide an accounting. What is an investor is going to say when he finds out that they took $10 million to buy asset-backed securities and only used $5 million to fund mortgages, with the rest being taken as fees?

14

15

16

17

18

19

20

21    Plaintiff is no expert in securitization. However, he has a securitization expert who has executed an affidavit saying exactly the foregoing. Plaintiff won't know if the expert is right or wrong until he gets an accounting, an accounting that he is entitled to anyway. Defendants are stonewalling, which leads Plaintiff to believe that the expert is right. They apparently have something to hide.

22

23

24

25

**CONCLUSION**

Plaintiff asserts his right to the information sought and to due process in seeking it. As a self-represented litigant, he may not have followed the correct procedures, but his rights are nevertheless undeniable and inalienable. Defendants appear to be trying to avoid discovery by any means possible. Plaintiff vigorously opposes the Motion to dismiss the adversary complaint in its entirety for the reasons set forth above. Further, Plaintiff opposes Loanstar's request for dismissal from the action for the reasons set forth above.

**WHEREFORE,** for the above reasons and for cause shown, Plaintiff respectfully requests that this Court deny the Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Enforcement of the RESPA/TILA Qualified Written Request in its entirety. Additionally, Plaintiff opposes Defendant's request for dismissal from the action. Plaintiff further respectfully re-affirms his request that this Court enforce the QWR and other forms of discovery and asks that this Court impose a Temporary Restraining Order if needed, pursuant to Fed. R. Civ. P. 65(b) and Fed. R. Bankr. P. Rule 7065, enjoining Defendants from taking any action against him or his property until a declaratory judgment in the matter has been issued by this Court.

Respectfully submitted this 13th day of February, 2010.

Andrew C. Bailey, *Plaintiff*

- 17 -

02/16/2010

**Certificate of Notice**

Copy of the foregoing was
mailed on February 16, 2010 to:

U.S. Trustee
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Larry Lee Watson
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Jennifer A. Giaimo
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Leonard McDonald, Esq
Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

Shahryar Bahmani, Esq
Wright, Finlay & Zak, LLP
4665 MacArthur Court, suite 280
Newport Beach, California 92660

| | |
|---|---|
| 1 |      This Motion will be based upon this Notice, the attached memorandum of points and |
| 2 | authorities, the complete files and records in this action, the oral argument of counsel and upon |
| 3 | such other and further evidence as this Court might deem proper. |

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: February __, 2010         By: _____

                               Shahryar Bahmani, Esq.
                               Attorneys for Defendant,
                               FIRST AMERICAN LOANSTAR
                               TRUSTEE SERVICES

Exhibit A

DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO
DISMISS

02/16/2010

*Send Correspondence to:*
First American
LoanStar Trustee Services
P.O. Box 961253
Fort Worth, TX 76161-0253

CONSTANCE BAXTER MARLOW
153 WESTERN AVE
GLENDALE, CA 91201-2860

20081226-44
CA10-CM

# IMPORTANT INFORMATION IS CONTAINED WITHIN THE ATTACHED NOTICE.

## PLEASE READ CAREFULLY

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

****************** **ACT NOW** ******************
**Contact your lender for options to possibly avoid foreclosure.**
Visit us at www.loanstartrustee.com for additional information.

Exhibit B



02/16/2010

Recording Requested By:
**FIRST AMERICAN TITLE INSURANCE COMPANY**

*THIS COPY OF "NOTICE", THE ORIGINAL OF WHICH WAS FILED FOR RECORD ON 12/22/2008 IN THE OFFICE OF THE RECORDED OF LOS ANGELES, CALIFORNIA IS SENT TO YOU IN AS MUCH AS AN EXAMINATION OF THE TITLE TO SAID TRUST PROPERTY SHOWS YOU MAY HAVE AN INTEREST IN THE TRUSTEE'S SALES PROCEEDINGS.*

**When Recorded Mail To:**
**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**
**P.O. BOX 961253**
**FORT WORTH, TX 76161**

Space above this line for Recorder's use only

TS No.:        **20089070810770**
VA/FHA/PMI No.:

Pursuant to California Code Section 2924c(b)(1) please be advised of the following:

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five days business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is **$22,373.42** as of **12/18/2008**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your benficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by you creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**WELLS FARGO HOME MORTGAGE**
**c/o FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**
**P.O. BOX 961253**
**FORT WORTH, TX 76161**
**877-276-1894**



02/16/2010

TS No.:     **20089070810770**
VA/FHA/PMI No.:

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure. you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

### Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN:   That **FIRST AMERICAN LOANSTAR TRUSTEE SERVICES** As Agent for the current beneficiary under a Deed of Trust dated **11/16/2005**, executed by:

**ANDREW CAMERON BAILEY,**
**CONSTANCE BAXTER MARLOW,**

as Trustor to secure certain obligations in favor of **WELLS FARGO BANK, N.A.** as Beneficiary, recorded 12/2/2005, (as Instrument No.) 05 2946072. (in Book) , (Page) of Official Records in the Office of the Recorder of LOS ANGELES County, CALIFORNIA describing land therein as:

**AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST**

said obligations including ONE NOTE FOR THE ORIGINAL sum of **$480,000.00.**

That a breach of. and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 06/01/2008 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES.**

**NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: **December 18, 2008**

**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**
**AS AGENT FOR THE CURRENT BENEFICIARY**
By: **FIRST AMERICAN TITLE INSURANCE COMPANY**
    as Attorney-In-Fact

By:      *ORIGINAL DOCUMENT SIGNED BY AUTHORIZED AGENT*
                            (signature)

Name: _____

Title: _____

**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

02/16/2010

Name: ANDREW CAMERON BAILEY        T.S. #   20089070810770
PA:      153 WESTERN AVENUE
        GLENDALE, CA 91201

# DECLARATION OF COMPLIANCE

*(California Civil Code Section2923.5(c))*

The undersigned mortgagee, beneficiary or authorized agent hereby declares under penalty of perjury, under the laws of the State of California, as follows:

☐   The mortgagee, beneficiary or authorized agent contacted the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure in compliance with Cal. Civ. Code Section 2923.5.

☐   The mortgagee, beneficiary or authorized agent tried with due diligence but has been unable to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5. The following efforts were made:

     ☐   Sent letter by first class mail with toll free number to HUD-certified housing counseling agency.

     ☐   Attempted to contact borrower by phone at least three times at different hours and on different days unless the borrower's primary and secondary phone numbers were diconnected.

     ☐   At least two weeks after attempting telephone contacts, sent letter by certified mail, return receipt requested that included toll free number to HUD-certified housing counseling agency.

☐   The mortgagee, beneficiary or authorized agent was not required to comply with Cal. Civ. Code Section 2923.5 because:

     ☐   The real property is not an owner-occupied single family residence.

     ☐   The loan was not originated between January 1, 2003 and December 31, 2007.

     ☐   The borrower has surrendered the property as evidenced by either a letter confirming the surrender or delivery of the keys to the property to the mortgagee, trustee, beneficiary or authorized agent.

     ☐   The borrower has contracted with someone whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their loan obligations.

     ☐   The borrower has filed for bankruptcy, and proceedings have not yet been finalized.

WELLS FARGO HOME MORTGAGE

*Original document executed by authorized agent*

Date: _____



ATTACHMENT TO NOTICE OF DEFAULT

02/16/2010

**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**
P.O. BOX 961253
FORT WORTH, TX 76161
Telephone: 877-276-1894
Telecopier: 817-699-1484

**December 24, 2008**

FILE NUMBER: 20089070810770
**CONSTANCE BAXTER MARLOW**
**153 WESTERN AVENUE**
**GLENDALE, CA 91201**

Re:  Loan No.:  **0060412178**
TS #:  **20089070810770**

The current creditor to whom the debt is owed is: **US Bank National Association, as Trustee for WFMBS 2006-AR2.** The loan is serviced by **WELLS FARGO HOME MORTGAGE.** FIRST AMERICAN LOANSTAR TRUSTEE SERVICES has been authorized by the Servicer/Creditor to initiate foreclosure proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan.

The amount of the debt as of the date of this Notice according to the records of our client is **$499,207.60.** The amount necessary to bring the loan into good standing and reinstate your mortgage is set forth in the enclosed Notice of Default and Election to Sell Under Deed of Trust. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above or in the enclosed Notice of Default and Election to Sel Under Deed of Trust, an adjustment may be necessary after we receive your check, in which case we will inform you before depositing the check for collection. For further information, write the undersigned or call 877-276-1894.

Please be advised that FIRST AMERICAN LOANSTAR TRUSTEE SERVICES may be considered a debt collector attempting to collect the above referenced debt. Any information obtained from you may be used for that purpose. Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES will assume that it's valid. If you do dispute it - - by notifying FIRST AMERICAN LOANSTAR TRUSTEE SERVICES in writing to that effect - - FIRST AMERICAN LOANSTAR TRUSTEE SERVICES will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES will furnish you with that information too.

The law does not require FIRST AMERICAN LOANSTAR TRUSTEE SERVICES to wait until the end of thirty-day period before taking action to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within thirty days of receipt of this letter, the law requires LoanStar to suspend its efforts (through litigation or otherwise) to collect the debt until FIRST AMERICAN LOANSTAR TRUSTEE SERVICES mails the requested information to you.

The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftd.gov.

Sincerely,

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES

Exhibit C

2



*20090117288*

01/29/2009

Recording Requested By:
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES

When Recorded Mail To:
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
P.O. BOX 961253
FT WORTH, TX 76161-0253

Space above this line for Recorder's use only

APN:    5626-005-004
TS No. :    20089070610770                    Title Order No. :    3945036

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns, and transfers to:

US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WFMBS 2006-AR2

all beneficial interest under that certain Deed of Trust dated:   11/16/2005 executed by

ANDREW CAMERON BAILEY CONSTANCE BAXTER MARLOW

Trustor(s), to FIDELITY NATIONAL TITLE INS CO, as Trustee, and recorded on 12/2/2005 as Instrument No. 05 2946072, in Book , Page  in the office of the County Recorder of LOS ANGELES County, CALIFORNIA together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated : 1/27/09

WELLS FARGO BANK, N.A. BY FIRST AMERICAN
LOANSTAR TRUSTEE SERVICES, LLC, ITS ATTORNEY IN
FACT

By:  Chet Sconyers, Certifying Officer

State of        TEXAS

County of       TARRANT

Before me _____ Shaunte D. Williams _____ , on this day personally appeared,
Chet Sconyers _____ , known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that this person executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _27_ day of _Jan_, A.D. _2009_

Shaunte D. Williams                    (Notary Seal)

SHAUNTE D. WILLIAMS
Notary Public, State of Texas
My Commission Expires
May 23, 2012

21

Exhibit D

02/16/2010

Requested and Prepared by:

**FIRST AMERICAN TITLE INSURANCE
COMPANY**

When Recorded Mail To:
**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
P.O. BOX 961253
FORT WORTH, TX 76161**                     **877-276-1894**

TSG No.:          **3945036**
TS No.:           **2008907081O770**
FHA/VA/PMI No.:

Space above this line for Recorder's use only

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED **11/16/2005**. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On **4/13/2009** at **11:30 AM**, **FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**, as duly appointed Trustee under and pursuant to Deed of Trust recorded **12/2/2005**, as Instrument No. **05 2946072**, in book , page , of Official Records in the office of the County Recorder of **LOS ANGELES** County, State of **CALIFORNIA**. Executed by:

**ANDREW CAMERON BAILEY,
CONSTANCE BAXTER MARLOW,**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (Payable at time of sale in lawful money of the United States) **AT THE FRONT ENTRANCE TO THE POMONA SUPERIOR COURTS BUILDING, 350 W. MISSION BLVD., POMONA, CA**

All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as: AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST APN# **5626-005-004**

The street address and other common designation, if any, of the real property described above is purported to be:

### 153 WESTERN AVENUE

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$506,667.55**. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located.

Date:   **3/23/2009**

**First American LoanStar Trustee Services
3 First American Way
Santa Ana, CA 92707**

Original document signed by Authorized Agent

-- FOR TRUSTEE'S SALE
INFORMATION PLEASE CALL 530-672-3033



FIRST AMERICAN LOANSTAR TRUSTEE SERVICES MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

Exhibit E

02/16/2010

This page is part of your document - DO NOT DISCARD

# 20090091821



Pages:
0003

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**01/23/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 14.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 14.00 |

## TITLE(S) : SUBSTITUTION TRUSTEE



LEADSHEET



200901230240006



001190068

SEQ:
02

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

Exhibit F

02/16/2010

Requested and Prepared by:

When Recorded Mail To:
**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**
**P.O. BOX 961253**
**FT. WORTH, TX 76161-0253**

**CALSA**

01/23/2009

*20090091821*

---

Space above this line for Recorder's use only

TS No. :     **20089070810770**                                                          **California**
TSG No. :   **3945036**
Loan No.:   **\*\*\*\*\*\*2178/BAILEY**

## SUBSTITUTION OF TRUSTEE

WHEREAS,

**ANDREW CAMERON BAILEY**
**CONSTANCE BAXTER MARLOW**

was the original Trustor, **FIDELITY NATIONAL TITLE INS CO** was the original Trustee, and **WELLS FARGO BANK, N.A.** was the original Beneficiary under that certain Deed of Trust Dated **11/16/2005** and recorded on **12/02/2005** as **Instrument No. 05 2946072**, in Parcel No. 5626-005-004 of Official Records of **LOS ANGELES** County, California; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitute, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES WHOSE ADDRESS IS: P.O. BOX 961253, FT. WORTH, TX 76161-0253 as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

3

SUBSTITUTION OF TRUSTEE - PAGE 2

TS No. :    20089070810770                                          California
TSG No. :   3945036
Loan No.:   ******2178/BAILEY


                                    WELLS FARGO BANK, N.A.
                                    by First American LoanStar Trustee Services, LLC
                                    as attorney in fact

Date:    1/20/2009                  _____

                                    CHET SCONYERS, Certifying Officer

State of    TEXAS         )
                          §
County of   TARRANT       )

                          ✗ Cindy R. Moreland
Before me  CINDY MORELAND          on this day personally appeared  CHET SCONYERS, CERTIFYING OFFICER
known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me tha t this person executed the
same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of _____  JAN 2 0 2009 A.D., _____

WITNESS my hand and official seal.

Signature _____ (Seal)
          CINDY MORELAND

          Cindy R. Moreland



# Bailey 153 Western Ave – Securitization



**ARROW LEGEND**
Red – Mortgage Documents
Blue – Securities Certificates
Green – Borrower Funds

Andrew Bailey

Wells Fargo Bank NA

Wells Fargo Bank NA & Lehman Bros. Inc. (NY)

Wells Fargo Asset Securities Corp.

Wells Fargo Mortgage Backed Securities Trust 2006-AR2(NY)

Wells Fargo Asset Securities Corp.

Wells Fargo Bank NA (Master Servicer)

U.S. Bank N.A.

Lehman Brothers Inc. and other Investors

Related Documents

Monthly Payments

Loan Purchasing Price

Net Offering Proceeds

Related Documents

Certificates

Certificates

Net Offering Proceeds

Certificates

Net Offering Proceeds

Monthly Distributions

Return on Investment

## FORECLOSURE DEFENSE INSTITUTE

Exhibit G

1

02/16/2010

# Securitization Flow Chart – Investor Funds



