LEONARD J. MCDONALD (SBN 014228)
KEVIN P. NELSON (SBN 023381)

**TB TIFFANY & BOSCO**
P.A.

THIRD FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103
E-MAIL:  ljm@tblaw.com
         kpn@tblaw.com

ATTORNEYS FOR DEFENDANT WELLS FARGO BANK,
U.S. BANK AS TRUSTEE FOR WFMBS 2006-AR2 AND
WFMBS 2006-AR2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW C. BAILEY, | (Chapter 11) |
| Plaintiff, | Case No. 2:09-bk-06979-RTBP |
| vs. | Adv. No. **2:09-ap-01727-RTBP** |
| WELLS FARGO BANK NA a/k/a WELLS FARGO HOME MORTGAGE ET AL; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC; FIRST AMERICAN TITLE INSURANCE COMPANY; FIDELITY NATIONAL TITLE INS CO; US BANK NA AS TRUSTEE FOR WFMBS 2006-AR2 (US BANK); WFMBS 2006-AR2; LEHMAN BROTHERS INC; JOHN DOES "3001-4000, | **REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' WELLS FARGO BANK, N.A., U.S. BANK AS TRUSTEE FOR WFMBS 2006-AR2 AND WFMBS 2006-AR2'S MOTION TO DISMISS AMENDED COMPLAINT** |
| Defendants. | |

Defendants Wells Fargo Bank NA a/k/a Wells Fargo Home Mortgage et al, whose true name is Wells Fargo Bank, N.A. ("Wells"), U.S. Bank as Trustee for WFMBS 2006-AR2 (the "Trustee") and WFMBS 2006-AR2 (the "Trust") (collectively the "Defendants") by and through counsel undersigned, hereby reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Amended Complaint.

Plaintiff Andrew C. Bailey's ("Bailey") Memorandum in Opposition to the Defendants' Motion to Dismiss Amended Complaint (the "Response") is based on nothing more than mere conjecture. In addition to the reasons set forth in the Defendants' Motion to Dismiss Amended Complaint Pursuant to Fed. R. Bank. P. 7012, the Defendants should be dismissed for the following reasons:

1) The Response is based on nothing more than mere conjecture which should not be considered by the Court.

2) The Amended Complaint for Enforcement of Qualified Written Request and Temporary Restraining Order (the "Complaint") does not challenge the validity, priority or extent of the lien at issue.

3) The Trust and the Trustee have a documented interest in the property at issue (the "Property") that may be enforced by Wells.

4) Bailey offers no legitimate argument in opposition to that set forth by the Defendants in the Motion.

This Reply is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **Legal Argument**

**1. The Response is based on nothing more than mere conjecture which should not be considered by the Court.**

Other than citation to procedural rules, the Response consists of little more than unsworn and unproven assertions. Bailey's conjecture in the Response does nothing to support his claims. *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D.Nev. 2002) (citation omitted); *see also Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1062 (S.D. Cal. 2007) (citing *Estrella v. Brandt*, 682 F.2d 814, 820 (9th Cir. 1982). And the Court should not consider such conjecture because, for the purposes of the pending Motion, it is limited to considering only the "facts alleged in the complaint, documents attached to the complaint, documents relied upon but not

attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice." *Id.* at 1062 (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Considering those alleged facts, documents, and matters of judicial notice alone, Bailey's claims must and do fail.

### 2. The Complaint does not challenge the validity, priority or extent of the lien at issue.

The Response makes several allegations that the Defendants failed to address Bailey's mere recital of Fed. R. Bank. P. 7001(2) as support for the Complaint. To the contrary, it is Bailey's mere recital of the procedural rule that, more than anything else, bolsters the Defendants' argument that they must be dismissed from the Complaint.

Fed. R. Bank. P. 7001(2) states that an adversary proceeding is a proceeding "to determine the validity, priority or extent of a lien or other interest in property…." Bailey, in the Response, admits that the lien at issue here is valid and that he owes money. (Dkt. #23, 15:4-6). Further, Bailey admits in the Complaint and the Response that the Complaint is nothing more than an action "for enforcement of the QWR and for discovery." (Dkt. # 23, 2:12-13; Dkt. #1:22-24.)

Moreover, the Complaint is completely devoid of any allegation challenging the validity, priority or extent of the lien at issue. Rather, Bailey's only allegations in the Complaint regarding the Property itself address Wells, the Trustee and the Trust's authority to foreclose on the Property. (Dkt. #1.) Such allegations are insufficient to support an adversary proceeding under Fed. R. Bank. P. 7001(2) and Wells, the Trustee and the Trust's authority to foreclose on the Property were already sufficiently explained. (Dkt. #16, 2-3, 6-7). Bailey presents no argument in the Response sufficient to contest that explanation.

///

///

### 3. The Trust and the Trustee have a documented interest in the Property that may be enforced by Wells.

At the time Wells moved to lift the automatic stay in regard to the Property, it inadvertently failed to state that it was the servicer of the Property. However, this is a fact of no consequence. Although Wells' counsel admittedly believed that Wells was the beneficiary of the Promissory Note and Deed of Trust at issue here prior to the filing of the Motion, when they became aware of their mistaken belief they notified the Court in the Motion.

Regardless, as stated in the Motion, Wells had authority to initiate the Trustee's Sale. *Id.* The assignment of the Promissory Note and Deed of Trust at issue here to the Trustee and the Trust was admitted by Bailey. (Dkt. #1, ¶24.) Neither the Trustee nor the Trust objects to Wells' maintenance of the Trustee's Sale. And Wells' has documented authority to initiate and maintain such an action. Limited Power of Attorney, a true copy of which is attached hereto as **Exhibit A** and incorporated herein by this reference.

Bailey's mere conjecture to the contrary does nothing to challenge the supported facts set forth above.

### 4. Bailey offers no legitimate argument in opposition to that set forth by the Defendants in the Motion.

The Motion set forth three arguments supporting the propriety of the Defendants' dismissal from the Complaint. Bailey, in the Response, has done nothing to challenge that propriety.

First, Bailey asserts that the Defendants admitted they were not creditors by stating they had no duty to respond to Bailey's alleged Qualified Written Request ("QWR"). To the contrary, the fact that the Defendants had not duty to respond to the QWR is based on the fact that the Defendants' attorneys, and not the Defendants, were

provided with a QWR. *Kee v. Fith Third Bank*, No. 2:06-CV-00602-CW, 2009 WL 735048, at *4 (D.Utah March 18, 2009) (*citing Griffin v. Citifinancial Mortgage Co., Inc.*, No. 3:05cv1502, 2006 U.S. Dist. LEXIS 6709, * 6-7, 2006 WL 266106 (M.D.Penn. Feb. 1, 2006). This fact is admitted by Bailey. (Dkt. #23, 3:9-11.) To assert that this is somehow an admission by the Defendants regarding their ability to foreclose on the Property is an unjustified leap in logic.

Further, upon information and belief, Wells never responded in whole or in part to the QWR regarding the Property. The QWR attached to the Response as Exhibit A is not the same QWR that has been presented as being provided to Wells. (the Lead Case No. 2:09-bk-0679-RTBP, Dkt. # 72, Ex. B.) And Bailey has not and cannot assert that the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, provides for a private cause of action to enforce a QWR. It does not.

Second, Bailey sets forth no argument to contest the fact that "a non-judicial foreclosure proceeding is not the collection of a 'debt' for purposes of the [Fair Debt Collection Practices Act]." *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D.Ariz. 2009) (citing *Hulse v. Ocwen Fed. Bank*, 195 F.Supp.2d 1188, 1204 (D.Or. 2002); *Gray v. Four Oak Court Ass'n*, 580 F.Supp.2d 883 (D.Minn. 2008)). Nor does Bailey contest the fact that the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, does not provide a private cause of action to enforce a Debt Validation Letter.

Third, as set forth above, Bailey makes no legitimate challenge to Wells' authority to initiate and maintain a foreclosure action.

## II. Conclusion

For the foregoing reasons, Wells, the Trustee and the Trust respectfully request that the Court dismiss them from the Complaint with prejudice.

///

RESPECTFULLY SUMITTED this 26th day of February, 2010.

**TIFFANY & BOSCO, P.A.**

By: /s/ Leonard J. McDonald, Jr.
Leonard J. McDonald
Kevin P. Nelson
2525 E. Camelback Road, 3rd Floor
Phoenix, Arizona 85016-4237
*Attorneys for Defendant Wells Fargo Bank, Bank as Trustee for WFMBS 2006-AR2 and WFMBS 2006-AR2*

ORIGINAL filed electronically with the United States Bankruptcy Court, District of Arizona, this 26th day of February, 2010, and a copy mailed the 26th day of February to:

Andrew C Bailey
2500 N Page Springs Rd
Cornville, Az 86325
Pro Se

John L Baxter
P O Box 1539
Sisters, Or 97759

U.S. Trustee
U.S. Trustee
Office Of The U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, Az 85003

Jennifer A. Giaimo
Office Of The U.S. Trustee
230 N. First Ave., #204
Phoenix, Az 85003-1706

Larry Lee Watson
Office Of The U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, Az 85003-1706

By: /s/ Paula D. Hillock
7000-003/425704

# EXHIBIT A

WHEN RECORDED MAIL TO:

## LIMITED POWER OF ATTORNEY

**U.S. Bank National Association** ("U.S. Bank"), a national banking association organized and existing under the laws of the United States of America, 1 Federal St., Corporate Trust, 3rd Floor, Boston, MA 02110, hereby constitutes and appoints Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. and in its name, aforesaid Attorney-In-Fact, by and through any officer appointed by the Board of Directors of Wells Fargo Bank, NA, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in the items (1) through (4) below; provided however, that the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the related servicing agreements and no power is granted hereunder to take any action that would be adverse to the interests of the Trustee of the Holder. This Power of Attorney is being issued in connection with Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc.'s, responsibilities to service certain mortgage loans (the "Loans") held by U.S. Bank in its capacity as Trustee. These Loans are comprised of Mortgages, Deeds of Trust, Deeds to Secure Debt and other forms of Security instruments (collectively the "Security Instruments") and the Notes secured thereby.

1. Demand, sure for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by U.S. Bank National Association, and to use or take any lawful means for recovery by legal process or otherwise.

2. Transact business of any kind regarding the Loans, and obtain an interest therein and/or building thereon, as U.S. Bank National Association's act and deed, to contact for, purchase, receive and take possession and evidence of title in and to the property and/or to secure payment of a promissory note or performance of any obligation or agreement.

3. Execute bonds, notes, mortgages, deeds of trust and other contracts, agreements and instruments regarding the Borrowers and/or the Property, including but not limited to the execution of releases,

satisfactions, assignments, and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of U.S. Bank National Association.

4. Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

**Witness** my hand and seal this 11th day of December, 2008.

Witness: Marjorie Huang

Witness: Ana Wang

U.S. Bank National Association, as Trustee

By: James H. Byrnes, Vice President

By: Lorie October, Vice President

Attest: Paul J. Gobin,
Account Administrator

FOR CORPORATE ACKNOWLEDGMENT

State of Massachusetts

County of Suffolk

On this 11th day of December, 2008, before me, the undersigned, a Notary Public in and for said County and State, personally appeared James H. Byrnes and Lorie October personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as Vice President and Vice President, respectively of U.S. Bank National Association, and known to me to be the person who executed the within instrument on behalf of the corporation therein named, and acknowledge to me that such corporation executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

Signature: Catherine R. Brown

My commission expires: 07/11/2014

(SEAL1)

