WRIGHT, FINLAY & ZAK, LLP
Shahryar Bahmani Esq., Arizona SBN 025939
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660 *(Bailey/Pleadings/Reply to Opp to MTD FAC)*
Tel: (949) 477-5050; Fax: (949) 477-9200
sbahmani@wrightlegal.net

**TIFFANY & BOSCO**
P.A.

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Attorneys for Defendant, First American Loanstar Trustee Services

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW C. BAILEY | ) Case No.: 2:09-bk-06979-RTBP |
| Plaintiffs, | ) Adversary No.: 2:09-ap-01727-RTBP |
| vs. | ) |
| | ) **REPLY TO PLAINTIFF'S** |
| WELLS FARGO BANK NA a/k/a WELLS FARGO HOME MORTGAGE ET AL; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC; FIRST AMERICAN TITLE USURANCE COMPANY; FIDELITY NATIONAL TITLE INSURANCE COMPANY; US BANK NA AS TRUSTEE FOR WFMBS 2006-AR2; WFMBS 2006-AR2; LEHMAN BROTHERS INC.; Doe Defendants "3001-4000". | ) **MEMORANDUM IN OPPOSITION TO** ) **DEFENDANT FIRST AMERICAN** ) **LOANSTAR TRUSTEE SERVICES'** ) **MOTION TO DISMISS PURSUANT TO** ) **FRCP 12(B)(6)** ) ) ) ) ) Complaint filed: 12/23/2009 |
| Defendants. | ) |

///

///

///

1

DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' REPLY TO

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Loanstar Must be Dismissed as Plaintiff has Failed to Allege Facts to Support a Cognizable Legal Theory.

Defendant First American Loanstar Trustee Services LLC ("Loanstar") must be dismissed from Plaintiff Andrew C. Bailey's ("Plaintiff") Amended Complaint ("Complaint") as Plaintiff has failed to allege any facts that give rise to a legally cognizable claim specifically against Loanstar. In order to survive a 12(b)(6) motion, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."[1] While detailed factual allegations are not required, a Plaintiff has an "obligation to prove the 'grounds' of his 'entitle[ment]' to relief' " with more than labels and conclusions.[2]

In his Opposition to Loanstar's Motion to Dismiss ("Opposition"), Plaintiff admits that he is not entitled to relief from Defendant Loanstar. Plaintiff's Opposition explains that he "has not asserted any wrongdoing on [Loanstar's] part."[3] Rather, Plaintiff includes Loanstar in the Complaint because "he is merely seeking information from them."[4] It is clear from Plaintiff's own admission that Loanstar is not a proper Defendant in this action. Loanstar's inclusion in this lawsuit is not necessary for Plaintiff to obtain the information he seeks as Loanstar may be subpoenaed as a witness. Loanstar respectfully requests that its 12(b)(6) motion to dismiss be granted as to Loanstar on account of the fact that Plaintiff expressly admits that he does not have a legally cognizable claim against Loanstar.

## B. Loanstar Must be Dismissed Pursuant to A.R.S. 33-807(E).

A.R.S. § 33-807 (E) requires that a trustee be immediately dismissed from a matter where it is not joined for breach of its obligation as trustee.[5] This is because "any order of [an Arizona] court entered against the beneficiary is binding upon the trustee with respect to any actions that

---

[1] *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).
[2] *Id.*
[3] *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Opposition") Pg. 1, Line 20; *Also See* Opposition Pg. 10, Lines 14-15.
[4] *See* Opposition, Pg. 10, Line 15.
[5] *See* A.R.S. § 33-807(E).

the trustee is authorized to take."[6] Plaintiff's opposition does not refute Loanstar's argument that it should be dismissed pursuant to 33-807(E) nor does the Complaint allege any breach by Loanstar of its obligations as Trustee. Instead, Plaintiff apologizes for grouping Loanstar with the other Defendants named in this action.[7] As explained above, Plaintiff admits that Loanstar's inclusion in this lawsuit is only for the purpose of obtaining information.[8] Thus, pursuant to Arizona procedural law, Loanstar must be dismissed from this matter.

**C.     Loanstar is Not a Necessary Defendant for "Enforcement of the QWR".**

According to Plaintiff, the "amended Complaint is an action for enforcement of the QWR." A Qualified Written Request ("QWR") as defined in RESPA and Regulation X, and as analyzed in numerous federal cases that have looked at this issue, is intended to provide a mechanism for a **Servicer** of a loan to explain to the Borrower what the Borrower may perceive to be errors in the account relating to the servicing of the Mortgage Loan. A QWR is defined in RESPA as a written correspondence that identifies the name and account of the Borrower and provides sufficient detail to the Servicer regarding other information **relating to the servicing of the loan sought by the Borrower.**[9] Loanstar's involvement with Plaintiff's Property is limited to its role as foreclosure Trustee. Loanstar never serviced Plaintiff's Loan and Plaintiff does not allege that Loanstar ever serviced the subject Loan. This is why Plaintiff states that "Defendant Loanstar was [never] served with the QWR."[10]

In light of the foregoing, Loanstar is wholly unrelated to the relief sought in the Complaint and must be dismissed from this action.

**D.     A Substitution of Trustee May be Recorded After a Notice of Default is Recorded Pursuant to California Foreclosure Law.**

For the first time, in his Opposition, Plaintiff raises the issue that "the alleged Notice of Default *may* have failed to comply with California Civil Code 2923.5 and 2924."[11] Plaintiff

---

[6] *Id.*
[7] *See* Opposition Pg. 10, Lines 9-17.
[8] *See* Opposition, Pg. 1, Line 20; *Also See* Opposition Pg. 10, Lines 14-15.
[9] 12 USC Section 2605(e)(1)(B) and Regulation X Section 3500.21(e)(2) (emphasis added).
[10] *See* Opposition Pg. 3, Lines 6-7.
[11] *See* Opposition Pg. 6, Line 25.

| | |
|---|---|
| 1 | apparently argues that there may have been a violation of the California foreclosure statutes |
| 2 | because the Substitution of Trustee was recorded on January 23, 2009, after the Notice of |
| 3 | Default was recorded on December 22, 2008.[12] However, pursuant to California Civil Code § |
| 4 | 2934a(c), a Substitution of Trustee may be recorded after a Notice of Default. Thus, even if |
| 5 | Plaintiff had plead this claim in his Complaint, it would be insufficient to state a legally |
| 6 | cognizable claim upon which relief can be granted. |

**Conclusion**

In light of the arguments presented in Loanstar's Motion to Dismiss and this Reply to Plaintiff's Opposition, Loanstar respectfully requests that it be dismissed from this matter.

Dated this 26th day of February, 2010.

Respectfully submitted,

By: /s/ Leonard J. McDonald
By /s/ MSB # 010167
Mark S. Bosco
Leonard J. McDonald
Attorney for Movant

---

[12] *See* Opposition Pg. 7; *Also See* Defendant Loanstar's Request for Judicial Notice Filed Concurrently with Loanstar's Motion to Dismiss Plaintiff's First Amended Complaint.

4

DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

| | |
|---|---|
| 1 | COPY of the foregoing mailed |
| 2 | This 26tth day of February, 2010 to: |
| 3 | Andrew C. Bailey |
| 4 | 2500 N. Page Springs Rd<br>Cornville, AZ 86325 |
| 5 | Pro Se |
| 6 | John L Baxter<br>P O Box 1539 |
| 7 | Sisters, OR 97759 |
| 8 | U.S. Trustee |
| 9 | Office of the U.S. Trustee<br>230 North First Avenue |
| 10 | Suite 204 |
| 11 | Phoenix, AZ 85003 |
| 12 | Jennifer A. Giaimo<br>Office of the U.S. Trustee |
| 13 | 230 N. First Ave., #204 |
| 14 | Phoenix, AZ 85003-1706 |
| 15 | Larry Lee Watson<br>Office of the U.S. Trustee |
| 16 | 230 North First Avenue, Suite 204 |
| 17 | Phoenix, AZ 85003-1706 |
| 18 | By: /s/ Paula D. Hillock |