Steven D. Jerome (#018420)
Andrew V. Hardenbrook (#025518)
John M. DeStefano III (#025440)
SNELL & WILMER L.L.P.
One Arizona Center
Phoenix, AZ  85004-2202
Telephone: (602) 382-6000
Facsimile:  (602) 382-6070
E-mail:   sjerome@swlaw.com
          ahardenbrook@swlaw.com
Attorneys for Wells Fargo Bank, NA and US Bank, N.A. as
trustee for WFMBS 2006-AR2

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Proceedings Under Chapter 11 |
| ANDREW C BAILEY, | Case No. 2:09-bk-06979-RTBP |
| Debtor. | Adversary Case No. 2:09-ap-01727-RTBP |
| | **WELLS FARGO BANK, N.A. AND US BANK N.A. AS TRUSTEE FOR WFMBS 2006-AR2'S REPLY SUPPORTING ITS MOTION TO DISMISS** |
| ANDREW C. BAILEY, | |
| Plaintiff, | |
| v. | |
| WELLS FARGO BANK NA ET AL., | |
| Defendants. | |

Plaintiff's Memorandum and Response to the Motion to Dismiss [DE. #46] proves only that this action is a baseless attempt to obstruct foreclosure through litigation.  Plaintiff's arguments show that his claims are not based upon any plausible legal theory or factual dispute. Rather, they are built upon empty suspicion and personal dislike of the nonjudicial foreclosure system.  Such allegations are routinely dismissed—in and out of the foreclosure context—because they fall well short of established federal pleading standards.  Defendants Wells Fargo and U.S. Bank (collectively, "Moving Defendants"), hereby reply in support of their Motion to Dismiss Plaintiff's Second Amended Complaint in this adversary proceeding.  This Reply is supported by

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

11712626

## MEMORANDUM OF POINTS AND AUTHORITIES

In his Response, Plaintiff fails to present any legal or factual basis for this Court to allow his claims to proceed beyond dismissal. There are no factual allegations to support a plausible claim to void the mortgage loan transaction or quiet title as against his consensual lien. Nor has Plaintiff pled any specific facts to support his claim of fraud. The Response does not alter this conclusion, consisting only of conclusory and speculative attacks on Moving Defendants.[1] An ever-growing body of caselaw precludes such meritless attempts to obstruct foreclosure. As for Plaintiff's claims under federal lending statutes, the Response offers only word games, failing to cite any legitimate authority or argument. The Second Amended Complaint ("SAC") should therefore be dismissed in its entirety.

## I. PLAINTIFF'S FORECLOSURE-RELATED CLAIMS STATE NO CLAIM FOR RELIEF THAT IS PLAUSIBLE, AND PLAINTIFF HIMSELF CONCEDES THIS FAILURE

The Property at issue in this action is located in California, and the loan secured by the Property originated in California. For this reason, the position of Moving Defendants is that California law governs the nonjudicial foreclosure rights at issue. Regardless, there is no conflict between California and Arizona law, and both are cited as sources of authority throughout this Reply as a result. Both California and Arizona law mandate dismissal of this suit.

### A. Both California and Arizona Reject Plaintiff's "Show Me the Note" Theory

Throughout the Response, Plaintiff reiterates the contention set forth in the Second Amended Complaint ("SAC") that the nonjudicial foreclosure process requires Moving Defendants to produce the original promissory note evidencing the mortgage debt before they may foreclose. Neither California nor Arizona law contains any such requirement. Such "show

---

[1] Additionally, it bears noting that Plaintiff's partner, Constance Baxter Marlow, is not a party to this action, even though recorded documents show that she and Plaintiff each hold an encumbered, undivided half interest in the property.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

11712626

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1  me the note" claims are subject to dismissal in both states, as numerous decisions have

2  demonstrated. *See, e.g.*, *Parcray v. Shea Mortgage Inc.*, No. CV-F-09-1942, 2010 WL 1659369

3  (E.D. Cal. 2010); *Farner v. Countrywide Home Loans*, No. 08-CV-2193, 2009 WL 189025, at *2

4  (S.D. Cal. 2009); *Chilton v. Fed. Nat'l Mortgage Ass'n*, No. 09-CV-02187, 2009 WL 5197869, at

5  *2 (E.D. Cal. Dec. 23, 2009) (collecting cases); *Contreras v. US Bank*, No. CV-09-0137, 2009

6  WL 4827016, at *4-5 (D. Ariz. Dec. 15, 2009); *Deissner v. Mortgage Elec. Reg. Sys.*, 618 F.

7  Supp. 2d 1184, 1187 (D. Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp.

8  2d 1178, 1181 (D. Ariz. 2009).

9       Nor can Plaintiff avoid dismissal by invoking the Uniform Commercial Code. *See*

10  Response at 3, 8. The Uniform Commercial Code does not require production of the instrument

11  of indebtedness prior to nonjudicial foreclosure. "As [California] courts have unanimously

12  found, section 3301 is inapplicable in the context of foreclosure actions. [S]ection 3301 reflects

13  California's adoption of the Uniform Commercial Code, and does not govern non-judicial

14  foreclosures, which is governed by California Civil Code section 2924." *Linkhart v. U.S. Bank,*

15  *N.A.*, No. 10-CV-688 JLS, 2010 WL 1996895, at *3 (S.D. Cal. May 17, 2010) (dismissing "show

16  me the note" claim). Arizona law is in accord. As explained in *Contreras*, the authority to

17  conduct a trustee's sale flows not from the note itself but from the deed of trust and the statutory

18  regime of nonjudicial foreclosure. The deed of trust is not an "instrument" within the meaning of

19  U.C.C. Article 3. *See* 2009 WL 4827016, at *4-5. Thus, provisions of the U.C.C. which govern

20  the enforcement of instruments have no application in this context.

21       Plaintiff argues that the Moving Defendants cannot proceed with nonjudicial foreclosure

22  because the foreclosure "has been judicial since Plaintiff objected to Wells' Motion for Lift of

23  Stay." Response at 7. Yet, the question of granting Moving Defendants relief from the stay has

24  already been decided against Plaintiff, as Plaintiff himself recognizes. Response at 8. Thus, the

25  automatic stay poses no obstacle to the nonjudicial foreclosure rights at issue in this case. By

26  instituting this proceeding, Plaintiff has taken upon himself the burden to plead a plausible claim

11712626

3

that Moving Defendants lack foreclosure authority. Having failed to meet this standard in his SAC and the Response, Plaintiff cannot succeed in this case. Dismissal is appropriate for this continuing attempt to nullify Defendant's nonjudicial foreclosure rights by imposing the burdens of litigation.

**B.** **Plaintiff's Challenge to Standing Is Misplaced**

Plaintiff also contends that Moving Defendants should be required to prove "standing." Response at 7-8. In doing so, Plaintiff confuses the constitutional requirement of "standing" with the substantive legal concept of foreclosure authority. Thus, the assertion that Moving Defendants lack standing to foreclose has no application in the context of this case. It is the Plaintiff who has instituted this adversary proceeding, and it is the Plaintiff—not the Moving Defendants—who bears the burden of satisfying Constitutional standing requirements. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) ("it is the burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.") (internal quotation marks and citations omitted). Plaintiff himself admits in the SAC that "Plaintiffs have the burden of establishing standing." SAC ¶ 67 (collecting cases).

Plaintiff's challenge to "standing" is really a series of naked, unsupported assertions that Moving Defendants lack the authority to foreclose. Such allegations are subject to dismissal as explained above and below.

**C.** **Federal Courts in Arizona and California Routinely Dismiss Speculative Allegations of Conspiracy and Fraud in the Mortgage Lending Context**

Where borrower-plaintiffs file suit to challenge foreclosures, as in this case, speculative and conclusory allegations of wrongdoing in the mortgage assignment process are routinely dismissed. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, CV09-517-PHX-JAT; *Blau v. America's Servicing Co.*, No. CV-08-773, 2009 WL 3174823, at *7 (D. Ariz. Sept. 29, 2009); *Sanchez v. U.S. Bank, N.A.*, No. C 09-04506, 2010 WL 670632, at *5 (N.D. Cal. Feb. 22, 2010);

11712626

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1  *Johnson v. Washington Mutual*, No. 09-CV-929, 2010 WL 682456 (E.D. Cal. Feb. 24, 2010).

2  For this reason, Plaintiff's unadorned contention that the Limited Power of Attorney is a

3  "forgery" lacks factual substance and plausibility, and cannot withstand dismissal.   Other

4  allegations of a general conspiracy and fraudulent efforts to deprive Plaintiff of his property are

5  similarly subject to dismissal.

6         Rejecting the Moving Defendant's generous reading of the SAC to include a theory of

7  mistake, Plaintiff argues instead that Wells Fargo initiated Plaintiff's loan as part of a deceitful

8  plan to collapse the housing market and foreclose on Plaintiff's property.   Plaintiff adds that on

9  this basis, there was never a "meeting of the minds" concerning the loan.   Response at 9.   This

10 allegation lacks any plausibility or factual support.   The private, subjective expectations of the

11 parties do not bear on the enforceability of the loan documents.   There can be no dispute that the

12 Plaintiff was obligated to make mortgage payments, that the Plaintiff failed to make payments,

13 and that the loan documents provide for the remedy of nonjudicial foreclosure as a result.

14 Plaintiff's allegations to the contrary do not meet the pleading standards of *Twombly*. *See* 550

15 U.S. at 562.

16        Similarly, Plaintiff's fraud allegations fail because Plaintiff has failed to plead the

17 requisite elements of fraud with the particularity required by Rule 9(b).   Plaintiff can point to no

18 specific allegations demonstrating that Wells Fargo intended from the start to take the collateral

19 as suggested in the Response.   Nor can Plaintiff show any harm resulting from Plaintiff's

20 supposed misunderstanding of who Plaintiff's lender was. *See* Response at 11-12.

21        For these reasons, Plaintiff cannot "void" or rescind his loan transaction because he states

22 no claim to support such a remedy.

23 **D.     Plaintiff May Not Rescind His Mortgage Loan Transaction Without Alleging**
24        **Tender**[2]

25 ─────────────────────
   [2] Though prior counsel did not raise this argument in the original Motion, Moving Defendants submit that
26 this remedial requirement applies as a matter of equity, and that Plaintiff will receive an adequate
   opportunity to respond at oral argument.

In addition, Plaintiff cannot "void" or rescind the loan transaction because Plaintiff has failed to plead any tender of loan proceeds. The requirement of pleading tender bars his rescission claim as a matter of equity. "To state a claim for rescission . . . the plaintiff must allege that she is able to tender the proceeds of her loan." *Vasconcelos-Florez v. World Savings Bank*, No. CIV S-08-2100, 2010 WL 961656, at *5 (E.D. Cal. Mar. 9, 2010); *see also Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171, 1173 (9th Cir. 2003). Plaintiff alleges no manifest injustice that would allow him to retain the benefit of his loan via unilateral rescission on the eve of foreclosure. *See Riopta v. Amresco Residential Mortg. Corp.*, 101 F. Supp. 2d 1326, 1335 (D. Hawai'i 1999) (conditioning rescission on tender); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976) (holding that district court erred in not conditioning rescission on the tender of the net amounts advanced by the creditors in the absence of strong reasons to the contrary).

As the above authorities indicate, to proceed with his attempt to rescind the transaction, Plaintiff must "allege, subject to Fed. R. Civ. P. 11(b) requirements, that the borrower[] [has] the ability to tender and pay back what [he has] received." *ING Bank v. Korn*, No. C09-124Z, 2009 WL 1455488, at *1 (W.D. Wash. May 22, 2009). Otherwise, "Plaintiff['s] failure to plead the ability to tender payment is sufficient grounds for dismissal of [his] rescission claim." *Somera v. Indymac Federal Bank*, No. CIV S-08-2100, 2010 WL 761221, at *5 n.6 (E.D. Cal. Mar. 03, 2010).

### E.   Plaintiff Has Abandoned His Quiet Title Claim

Plaintiff appears to have abandoned his quiet title claim in this proceeding. The Response offers no argument in support of that claim, only a statement that Plaintiff is consulting with a California attorney. In any event, as explained before in the Motion, this claim does not meet the procedural requirements for pursuing such relief in this forum and it therefore deserves dismissal.

### II.   PLAINTIFF'S FEDERAL STATUTORY CLAIMS FAIL AS A MATTER OF LAW

### A.   Fair Debt Collection Practices Act

As a matter of federal law, the Fair Debt Collection Practices Act ("FDCPA") does not

Snell & Wilmer
— L.L.P. —
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

apply to nonjudicial foreclosure proceedings because "a nonjudicial foreclosure proceeding is not the collection of a 'debt'" within the meaning of the statute. *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). Similarly, loan servicers and other foreclosure parties are not "debt collectors" as that term is defined in the statute. *Id.* Plaintiff presents no contrary authority to support his contentions. Instead, he avers as follows: "Recent decisions have determined that the FDCPA *does* apply to a non-judicial foreclosure proceeding. (citation omitted)" Response at 7. Plaintiff's conscious choice to conceal his legal authority (or lack thereof) demonstrates a lack of good faith, even considering his *pro per* status. Nor does Plaintiff contradict the argument that no private cause of action empowers him to compel a response to a Debt Validation Letter ("DVL"), and no damages have been alleged in the SAC. The FDCPA claim should thus be dismissed.

**B.**   **Real Estate Settlement Procedures Act**

As for his claims under the Real Estate Settlement Procedures Act ("RESPA"), Plaintiff does not dispute that service of a Qualified Written Request ("QWR") on a lender's attorney does not satisfy the statutory requirement that the QWR be served on the lender itself. "Because Congress refers to a borrower's agent but does not reference a servicer's agent in the applicable section of statute, the court concludes Congress intentionally excluded the servicer's agent" as a means of serving a QWR upon the servicer. *Kee v. Fifth Third Bank*, No. 06-CV-00602-CW, 2009 WL 735048, at *4 (D. Utah Mar. 18, 2009) (citing *Griffin v. Citifinancial Mortgage Co.*, No. 05-CV-1502, 2006 WL 266106 (M.D. Pa. Feb. 1, 2006) ("[W]e hold that the plaintiffs fail to state a claim because they did not send a qualified written request to their servicer, and instead sent it to their servicer's outside counsel.")).

Plaintiff nonetheless contends that service of his QWR was effective because he served the QWR upon Wells Fargo "through" Wells Fargo's attorney. This is a distinction without a difference. Plaintiff's word-mincing does not undermine the authority cited above. If service "on" a lender's attorney is insufficient, then delivery "through," "to," "upon," or "by way of" the

11712626

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    lender's attorney likewise fails.  Moreover, as already explained, Plaintiff has failed to plead any

2    manner in which he was damaged or otherwise entitled to a remedy arising out of his QWR.  Nor

3    does his QWR at issue include enough specific information regarding any asserted accounting

4    error to fall within the definition of a "*Qualified* Written Request" under 12 U.S.C. § 2605(e)

5    (emphasis added).

6         Further, although Wells Fargo was not required to do so, it did respond to Plaintiff's

7    purported QWR nonetheless.  *See* Exhibit to Response.  RESPA does not require a loan servicer

8    to provide a borrower with all documents requested in a QWR; rather RESPA obligates the

9    servicer to provide the borrower with either: 1) a written explanation or clarification stating the

10   reasons that the servicer believes the account is correct or 2) the information requested by the

11   borrower or an explanation of why the information is unavailable. 12 U.S.C. § 2605(e)(2)(B)-(C).

12   In addition, the servicer must provide the borrower with the contact information of an employee,

13   office or department of the servicer that can assist the borrower with any further concerns. *Id.*

14        Wells Fargo's Response to the purported QWR provided Plaintiff with numerous loan-

15   related documents including a payment history, the note and security instrument, a HUD1

16   statement, a loan application, a Truth-in-Lending statement, and a Good Faith Estimate.  Plaintiff

17   has not alleged, nor can he, how this Response fails to comply with the requirements of RESPA

18   or how it caused any damages to Plaintiff.  This claim should be dismissed.

19   **III.   PLAINTIFF STATES NO CLAIM FOR INJUNCTIVE RELIEF**

20        Plaintiff also alleges injunctive relief as a separate count in the SAC.  Because the

21   Plaintiff states no claim against Moving Defendants under substantive law, this remedial claim

22   does not lie.  Plaintiff's request for preliminary injunctive relief is improper as it is made without

23   any affidavit or verification to support a finding that would warrant relief under Fed. R. Civ. P.

24   65.  Moreover, Plaintiff cites the wrong standard for preliminary relief, which requires a

25   *likelihood* of success on the merits, not a "reasonable chance."  *See Winter v. NRDC*, 129 S. Ct.

26   ///

11712626

1    365, 374 (2008).   As the foregoing arguments indicate, Plaintiff can show no likelihood of

2    success.

3    **IV.    <u>CONCLUSION</u>**

4    Wells Fargo and U.S. Bank moved to dismiss the Second Amended Complaint in its

5    entirely, and attempted to articulate those claims advanced therein when doing so.  Plaintiff has

6    not argued the existence of additional claims or legal theories pled in the Second Amended

7    Complaint beyond those argued by Moving Defendants.  For the foregoing reasons, this Court

8    should dismiss the entire Second Amended Complaint upon granting Moving Defendants'

9    Motions to Dismiss.

10   Dated this 14th day of July, 2010.

11                                SNELL & WILMER L.L.P.

12

13   By: /s/ JMD (025440)
         Steven D. Jerome
14       Andrew V. Hardenbrook
         John M. DeStefano III
15       One Arizona Center
         400 E. Van Buren
16       Phoenix, AZ 85004-2202
         Attorneys for Wells Fargo Bank, NA and US
17       Bank, N.A. as trustee for WFMBS 2006-AR2

18

19

20

21

22

23

24

25

26

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

11712626

1   COPY of the foregoing served by
    electronic notification or U.S. Mail on
2   July 14, 2010, to:

3   Andrew C. Bailey
    2500 N. Page Springs RD
4   Cornville, AZ 86325
    Debtor
5
    Jennifer A. Giaimo, Esq.
6   Office of the U.S. Trustee
    230 N. First Avenue, Suite 204
7   Phoenix, AZ 85003
    Email:  Jennifer.A.Giaimo@usdoj.gov
8
    Leonard J. McDonald, Jr., Esq.
9   Kevin Patrick Nelson, Esq.
    Tiffany & Bosco P.A.
10  2525 E. Camelback Road, #300
    Phoenix, AZ 85016
11  Email: msb@tblaw.com
            ljm@tblaw.com
12          kpn@tblaw.com

13  First American Title Insurance Company
    2910 N. 44th Street, Suite 210
14  Phoenix, AZ 85018

15  /s/ Jennette Golder
    Jennette Golder
16

17

18

19

20

21

22

23

24

25

26

Snell & Wilmer
— L.L.P. —
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

11712626

10